**STATE of Missouri, Respondent,**

v.

**Eugene Melvin GARNER, a/k/a Geno Garner, Appellant.**

**No. 52112.**

Supreme Court of Missouri, Division No. 2.

March 13, 1967.

Eugene Melvin Garner, pro se.

Norman H. Anderson, Atty. Gen., Thomas J. Downey, Asst. Atty. Gen., Jefferson City, for respondent.

FINCH, Judge.

This is an appeal from the denial without an evidentiary hearing of a motion and amended motion to vacate judgment and sentence filed in the trial court pursuant to Rule 27.26, V.A.M.R. Defendant filed briefs and argued his case pro se.

Defendant was charged in the Circuit Court of Franklin County by information filed July 14, 1965, with uttering and delivering a check for $305.00 to Missourian Publishing Company, Inc., with intent to defraud, knowing at the time of uttering and delivering the check that he did not have sufficient funds in or credit with the drawee bank for payment in full of said check on presentation.

The transcript on appeal indicates that counsel for defendant was appointed in the trial court, that defendant and his appointed counsel appeared for arraignment, that a plea of guilty was entered, and that defendant was sentenced to imprisonment for a term of four years. The transcript further indicates that on defendant's application an order granting probation was entered, that a probation bond of $1,000.00 was fixed and filed, and that defendant signed a probation agreement setting forth the terms of probation. All of these orders were entered July 14, 1965.

The transcript next discloses an order of the Circuit Court on October 16, 1965, which states that it appears to the court that defendant has violated the terms of probation granted him and that a capias warrant is ordered issued for defendant.

The next order appearing in the transcript was on December 9, 1965. It recites that an informal hearing was held on that date and that the probation granted July 14, 1965, is revoked "because the defendant admits that he has violated his probation." The record discloses that defendant was then taken to the Department of Correction to serve the four-year sentence.

Several of the assignments in the motion to vacate are too general to present anything for review. The motion does seem to allege, however, that the plea of guilty entered for defendant was without his consent and that he was not present in court when judgment and sentence was pronounced. This is contrary to what the transcript on appeal shows, for it recites appointment of counsel, the granting of time for counsel to consult with the defendant, interrogation of defendant by the court, and finally the entry of a plea of guilty with pronouncement of sentence thereafter. However, the contentions of defendant in this respect do raise issues of fact as to what occurred and defendant is entitled to an evidentiary hearing thereon.

The fact that this proceeding is to be remanded for an evidentiary hearing makes it unnecessary for us at this time to consider any other assignments in the motion to vacate.

A revised Rule 27.26 was adopted by this court on January 9, 1967, effective September 1, 1967. The delay in effective date was necessary in order to comply with a constitutional requirement of publication of proposed changes in rules. The motions

and briefs in this case demonstrate the desirability of the procedure incorporated in that revised rule. Much of the content of the defendant's briefs consists of his version of conversations he had at various times with numerous people concerning his troubles. The briefs ramble and at times are difficult to understand.

The revised Rule 27.26 provides for appointment of counsel in cases such as this one to present the matter to the trial court and to handle the case on appeal. Use of such procedure prior to September 1, 1967, is discretionary with the trial court, but we cannot help but observe that assistance of counsel in preparing and filing an amended motion adequately stating all issues involved, in presenting the evidence in a clear and orderly manner, and finally in briefing the case as contemplated by applicable rules would make much easier the task of the trial and appellate courts in resolving the questions involved.

The judgment is reversed and the motion is remanded for an evidentiary hearing.

All of the Judges concur.