James **BETTS**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. 34886.

Missouri Court of Appeals,
St. Louis District.

March 27, 1973.

Harold L. Volkmer, Hannibal, for appellant.

Ronald R. McKenzie, Pros. Atty., Hannibal, John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

McMILLIAN, Judge.

This is an appeal by James Betts from an order of the Hannibal Court of Common Pleas, Marion County, overruling his Criminal Rule 27.26, V.A.M.R., motion to vacate, set aside, or correct judgment of conviction and the 10 year sentence for forcible rape entered on a plea of guilty. The Court of Common Pleas summarily denied the motion without holding an evidentiary hearing. In its Findings of Fact and Conclusions of Law, the Court of Common Pleas stated: "This Court finds and concludes that the record and transcript of the proceedings at the plea of guilty conclusively demonstrate that the prisoner, James Betts, is not entitled to any relief under his Motion filed under Missouri Supreme Court Rule 27.26 . . . ."

Appellant's 27.26 motion was based on: (1) ineffective assistance of counsel in that counsel told Betts to plead guilty or he would receive a larger sentence; (2) the charge that his guilty plea was made under great mental strain because of the threat of a much greater sentence; (3) the claim that his prisoner's rights under the 6th and 14th amendments to the U.S. Constitution had been violated.

Appellant assigns as error the failure of the trial court to appoint counsel and to hold an evidentiary hearing prior to overruling appellant's motion to vacate, set aside or correct the judgment, because the motion properly raises issues of fact and questions of law as required by Rule 27.26, V.A.M.R.

In a recent case, Pauley v. State, 487 S. W.2d 565 (Mo.1972), the Court held that, " . . . No evidentiary hearing was required by Criminal Rule 27.26(e), V.A.M. R., because the transcript conclusively shows that appellant is entitled to no relief and is sufficient to insulate the plea of guilty from subsequent attack in collateral

proceedings, under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; State of Missouri v. Turley, 8 Cir., 443 F.2d 1313, 1318, and Colbert v. State, Mo.Sup., 486 S.W.2d 219 . . . ."

In this instance the record indicates that: (1) the defendant desired to enter a plea of guilty; (2) the defendant knew of his right to a trial by jury and that his trial was set for February 23, 1971; (3) the defendant knew that if he entered a plea of guilty he would be waiving his right to a jury trial; (4) the defendant was aware that the range of punishment was from two years in prison to death; (5) the defendant knew the nature of the charge against him; (6) the defendant knew what he had done to lead to this charge being made against him; (7) the defendant stated that he was pleading guilty because he was, in fact, guilty; (8) defendant's plea was voluntarily made on his part; and (9) the defendant was satisfied that his attorneys had rendered effective assistance in connection with his case.

In the face of this record appellant contends that he was represented by ineffective counsel because counsel told appellant to plead guilty or he would receive a more severe sentence from a jury when convicted. The record indicates that appellant's attorneys knew the facts of appellant's case and the evidence that the state intended to offer. Based on these facts appellant's attorneys advised the appellant to plead guilty. Appellant was faced with the certainty of serving 10 years in prison or taking his chances before a jury. He chose the certainty of the prison term.

In Crosswhite v. State, 426 S.W.2d 67, 71 (Mo.1968), the court, in commenting on the competency of the counsel, stated that: " . . . The fact that they may have urged the defendant to enter a plea of guilty and avoid the possibility of being hanged is not necessarily evidence of incompetence. If the defendant was guilty of murder in the first degree, there were only two possible punishments, death or life imprisonment, and he received the lesser punishment on a plea of guilty. In a first degree murder case, the advice given could have been good advice. . . . ." Here, appellant, if convicted of forcible rape by a jury, could have been sentenced anywhere from two years in prison to death. The record indicates that appellant's attorneys handled criminal cases and that they were familiar with the facts of appellant's case. Arguably, the advice of counsel in this instance was good advice. As the court in Lee v. State, 460 S.W.2d 564, 567 (Mo.1970) stated: " . . . 'In the face of unavoidable uncertainty, the defendant and his counsel must make their best judgment as to the weight of the State's case,' and ' . . . he is bound by his plea and his conviction unless he can allege and prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act.' . . . ." McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Appellant has not alleged nor has the record indicated any serious derelictions, or in fact any derelictions, on the part of counsel.

The files and records of the case conclusively show that the appellant is not entitled to any relief as alleged in his 27.26, V.A.M.R. motion. Since appellant's motion did not present questions of law or issues of fact that would entitle appellant to any relief, the court was not required to appoint counsel under 27.26(h), V.A.M.R., nor to hold an evidentiary hearing under 27.26(e), V.A.M.R. The Court properly ruled in summarily denying the motion, and the judgment is affirmed.

DOWD, C. J., and CLEMENS, J., concur.