Jeffie Junior LOFLIN, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 56707.

Supreme Court of Missouri, En Banc.

April 9, 1973.

John Wm. Ringer, Dexter, for appellant.

John C. Danforth, Atty. Gen., Richard S. Paden, Asst. Atty. Gen., Jefferson City, for respondent.

HENLEY, Judge.

This is an appeal by Jeffie Junior Loflin, movant, from an order overruling without a hearing his motion to vacate and set aside a judgment sentencing him to imprisonment for five years on his plea of guilty to tampering with a motor vehicle, a felony.[1] Rule 27.26.[2] This court has jurisdiction, the notice of appeal having been filed before January 1, 1972. See schedule (§ 31, para. 4) to 1970 amendment of Article V, Constitution of Missouri, V.A.M.S. The case was first heard in Division I. An opinion written in Division failed of adoption after transfer to, and a hearing by, the court en banc, and the case was reassigned. We affirm.

Movant's grounds for setting aside the judgment of conviction, as stated in his pro se motion, are:

"(a) The alleged evidence was the fruits of an illegal search and seizure contrary to the Fourth Amendment to the United States Constitution.

"(b) The Movant was induced to enter a plea of guilty as charged in the manner and form of the information by promises and threats.

"(c) Additional grounds to be amended by counsel for Movant."

In paragraph 9 of his motion, movant stated facts in support of his ground (a), as required by subsection (c) of Rule 27.26, but he did not state facts in support of ground (b). As indicated, the motion was overruled without an evidentiary hearing, the court having found "* * * from the files, records, transcript [of the plea of guilty proceedings] and motion to vacate that petitioner is not entitled to relief * * *." Findings of fact and conclusions of law were made and entered on the issues presented, as required by subsection (i) of Rule 27.26.

Movant's main contention is that the court erred in denying him an evidentiary hearing on his motion. He asserts that the motion raised issues of fact as to whether his plea of guilty to tampering with a motor vehicle was voluntarily entered; that since he is an indigent, these issues required the court to appoint counsel to represent him, and required the court to hold an evidentiary hearing; that the court erred in failing so to do and the case should be remanded for a hearing with counsel. He argues that counsel was required in this case so that his motion could be amended to state facts in support of the second ground of the motion he (movant) was unable to state because of his lack of training. We note, parenthetically, that he does not even now, through counsel representing him on this appeal, make the slightest suggestion as to what those "facts" might conceivably be, except to say that the fact the state has information detrimental to him as a result of the alleged illegal search and seizure may have contributed to induce him to plead guilty.

Subsection (e) of Rule 27.26 requires that the court hold an evidentiary hearing if issues of fact are raised in the motion and subsection (h) requires that in such event the court appoint counsel to assist movant if he is indigent. Subsection (e) also provides that a hearing is not required

1. Sections 560.175 and 560.180 RSMo 1969, and V.A.M.S.

2. Reference to rules is to Missouri Supreme Court Rules and V.A.M.R.

where " * * * the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief * * *." The court said recently in Colbert v. State, 486 S.W.2d 219 (Mo.1972), that an evidentiary hearing is not required where the record made at the time a plea of guilty is entered is sufficient to show that the plea was made voluntarily with understanding of the nature of the charge and to show conclusively that movant is not entitled to the relief he seeks.

Is the record made at the plea proceedings in this case sufficient to show that the plea of guilty was entered voluntarily with understanding of the nature of the charge and to show conclusively that movant is not entitled to relief? The trial court so found and concluded.

It appears from the record made at the guilty plea proceeding that before accepting the plea the trial court, by interrogation of movant, satisfied itself and determined, *inter alia*, that movant understood the nature of the charge, his right to trial by jury, the acts sufficient to constitute the offense, the permissible range of punishment for the offense; and that the plea was voluntary and not induced by any promises or threats. The following quotations from the record of questions propounded to and answers by movant refute his present assertion that the plea was induced by promises and threats:

"Q Has anyone told you or promised or suggested to you that you will receive a lighter sentence or probation or parole or any other favors to get you to say you are guilty?

"A No, sir.

"Q Has anyone mistreated you, threatened, or promised to reward you, your family, or anyone else, to get you to say you are guilty?

"A No, sir.

*        *        *        *        *        *

"Q You have heard the statement of facts, did you do what the prosecutor stated you did?

"A Yes, sir.

"Q In other words, you committed this particular crime, is that correct?

"A Yes, sir.

"Q And is that the reason you are pleading guilty, because you are in fact guilty?

"A Yes, sir.

*        *        *        *        *        *

"Q Now, do you fully understand that by entering a plea of guilty to this particular crime that you are waiving your constitutional rights as to this crime as I have explained them to you?

"A Yes, sir.

"Q And that you cannot thereafter at a later date assert those particular rights as to your guilty plea in this case, do you understand that?

"A Yes, sir.

"Q And you are not pleading guilty under any duress or coercion or compulsion or because of any promises, inducements or representations, is that correct?

"A Yes, sir."

Our reivew persuades us that the record is sufficient to show that the plea was made voluntarily with an understanding of the nature of the charge, and that it shows conclusively that movant is not entitled to relief by reason of the matters alleged in his ground (b) or by reason of matters of fact which could have been alleged by amendment thereof stating the particulars of the charged threats and promises, including the fact that information acquired by the state through the alleged illegal search and seizure may have contributed to induce him to plead guilty. Hence, an evidentiary hearing was not re-

quired by Rule 27.26(e). It follows also that in these circumstances the court was not required to appoint counsel to assist movant in connection with the motion.

Movant quite frankly concedes that ground (a) of his motion, regarding the admissibility of evidence secured by a constitutionally impermissible search and seizure, cannot be the subject of a collateral attack on a judgment under Rule 27.26, unless the question was first raised by a pretrial motion to suppress. This court so held in State v. Caffey, 457 S.W.2d 657 (Mo.1970) and Collins v. State, 454 S.W.2d 917 (Mo.1970). Those cases recently were followed and cited with approval by the court en banc in Schleicher v. State, 483 S.W.2d 393, 394 (Mo.1972), wherein an analogous question, the admissibility of fingerprint evidence allegedly produced by unlawful detention, was raised for the first time in a collateral attack under Rule 27.26. Moreover, the "evidence" referred to in the motion was not "used" by the state against movant, as found by the trial court, because there was no trial at which evidence was presented.

The judgment is affirmed.

FINCH, C. J., and DONNELLY, MORGAN and HOLMAN, JJ., concur.

SEILER, J., dissents in separate dissenting opinion filed.

BARDGETT, J., dissents and concurs in separate dissenting opinion of SEILER, J.

SEILER, Judge (dissenting).

I respectfully dissent. I think we should bear in mind that at present there is no means by which an indigent can obtain the services of a lawyer to draft his 27.26 motion before it is filed. Of necessity most 27.26 motions are originally prepared pro se or with the help of fellow inmates and filed with the court in crude condition. Hence, we should not expect professional quality at this point and should be liberal in giving pro se pleadings the benefit of the doubt as to whether they are sufficient to raise an issue of fact. Here, as stated, the allegation "movant was induced to enter a plea of guilty . . . by promises and threats" is a conclusion. It is an allegation, however, which is susceptible of being amended to state a claim upon which relief can be granted and defendant's point (c) about "Additional grounds to be amended by counsel" was a call for help in stating his claim.

In civil cases we have the rule that "Ordinarily when a first pleading is ruled to be insufficient in a trial court, the party is afforded a reasonable time to file an amended pleading if desired . . .", Dietrich v. Pulitzer Publishing Co., 422 S.W.2d 330, 334 (Mo.1968); Gridley v. Johnson, 476 S.W.2d 475, 484 (Mo.1972); civil rules 55.53 and 67.05. In fairness, we should be as liberal in allowing a second opportunity to state a claim for relief when human liberty is at stake as we are in civil actions, especially where a defendant is proceeding pro se and incorporates in his motion a request that a lawyer be appointed and the motion amended. We applied this theory in Burrage v. State, 477 S.W.2d 118, 120 (Mo.1972), which involved a somewhat analogous situation. There this court, on appeal from denial of relief on a 27.26 motion, where there had been no evidentiary hearing in the trial court, remanded for an evidentiary hearing, for the reason that one of the grounds set forth in the pro se motion to vacate did raise issues of fact, although "sparingly". At the same time, the court ruled, with respect to four grounds in the motion, that if defendant intended to rely on these grounds he should be given an opportunity to amend and ". . . they should be amplified and fortified with sufficient allegations of fact, if such facts exist."

The right to file a motion under 27.26 is hollow if we determine the man's rights without ever giving him a chance to advise with an attorney in the trial court, which is the place for defendant to come forth with the facts on which he relies. The majority opinion seems to place significance on the fact that defendant's counsel on appeal did *not suggest to us what the "facts" might be* relative to defendant's second ground of his motion that he was induced to enter his plea by promises and threats. But it does no good for counsel to suggest on appeal what these facts might be, because that would be going outside the record and we could not properly consider it. Therefore, no significance should be attached to counsel's lack of suggesting possible facts. The place for that is in the trial court and so far this defendant has had no opportunity in the trial court to present facts.

In State v. Garner, 412 S.W.2d 155 (Mo. 1967), the court reversed and remanded for an evidentiary hearing a 27.26 motion which had been denied in the trial court without counsel and without a hearing. This was done despite the fact, 412 S.W. 2d l. c. 156, that "several of the assignments in the motion to vacate are too general to present anything for review . . ." The court goes on, 412 S.W.2d l. c. 157, that ". . . we cannot help but observe that assistance of counsel in preparing and filing an amended motion adequately stating all issues involved, in presenting the evidence in a clear and orderly manner, and finally in briefing the case as contemplated by applicable rule would make much easier the task of the trial and appellate courts in resolving the questions involved."

I would reverse and remand with directions that before the court rules on the motion it should appoint counsel and give defendant an opportunity to amend by stating the facts as to the promises and threats which he contends were made to induce him to plead guilty.