Robert Jackson **HOGSHOOTER,**
Movant-Appellant,

v.

**STATE of Missouri, Respondent.**

No. 9645.

Missouri Court of Appeals,
Springfield District.

Sept. 12, 1974.

Motion for Rehearing or to Transfer to
Supreme Court was Denied
Sept. 23, 1974.

Michael Baker, Springfield, for movant-appellant.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

Defendant, represented by counsel, entered a plea of guilty to felonious stealing on August 3, 1973. Following a pre-sentence investigation the court on August 31 sentenced defendant to a three-year prison term. This post-conviction motion under Rule 27.26, V.A.M.R., was filed on October 9, 1973, and on the same date was summarily denied by the court's entry of the following order: "Court finds that on the face of the record in Case No. 70287–2 entitled State of Missouri vs. Robert Jackson Hogshooter, that petitioner is not entitled to relief—Motion denied." We affirm.

As grounds for post-conviction relief defendant's motion alleged: "(a) Movant unintelligently and thus involuntarily plead guilty, (b) Court [erred] in accepting movant's plea of guilty; (c) Ineffective assistance of counsel . . . " Averments in support of these grounds are stated thusly: (a) "He was informed . . . by his attorney that if he would enter a plea of guilty he would get a sentence of three years and that he would not be tried on another charge—that if he refused he would be tried as a second offender and probably get more time;" (b) "The court failed to meet the requirements of Supreme Court Rule 25.04 and Mo.Rev.Stat. Sec. 552.630 [sic];" (c) "Movant's attorney failed to bring to the attention of the court that the plea of guilty was entered, on his [movant's] belief that if he didn't plead to the three years, he was sure to get a recommendation asking for more time and a longer sentence."

The transcript of defendant's guilty plea is as follows:

"THE COURT: This is Case No. 70287–2, State of Missouri vs. Robert Jackson Hogshooter. Defendant appears in person and by his attorney, Kerry Montgomery. State appears by Assistant Prosecuting Attorney Ted Strecker. Defendant arraigned.

"Mr. Hogshooter, the State of Missouri charges that you, Robert Jackson Hogshooter, on the 14th day of May, 1973, in Greene County, Missouri, did wilfully, unlawfully and feloniously and intentionally steal a motor vehicle which was a 1965 Ford Mustang convertible, the property of Virgil Rush doing business as Rush Auto Sales without the consent of Virgil Rush, the owner of that vehicle.

"Now this is a felony. This is a crime of grand stealing which is punishable upon a plea of guilty or upon a finding of guilty by a jury for a period of up to ten years in the penitentiary. Do you understand that?

"DEFENDANT: (Nodded head).

"THE COURT: Answer up, please.

"THE DEFENDANT: Yes.

"THE COURT: Now have you had all the time you want to consult with your attorney, Mr. Montgomery, about this charge?

"THE DEFENDANT: Yes.

"THE COURT: Is there anything about this charge you do not understand?

"THE DEFENDANT: No.

"THE COURT: You understand you have a right to a trial by jury on this charge and we will convene a jury on August 20 and if you exercised that right which you have under the law a jury and not the Court would determine whether

you are guilty or not and would also set your punishment in the event they found you guilty? Do you understand that?

"THE DEFENDANT: Yes.

"THE COURT: Do you understand that at that trial your lawyer would have an opportunity to cross examine witnesses, you would have a right to call any witnesses you wanted to relative to the case in your behalf and have them testify.

"THE DEFENDANT: Yes.

"THE COURT: You understand that. It has been indicated to me by your lawyer, Mr. Montgomery, that you wish to plead guilty to this charge. Is that true?

"THE DEFENDANT: That's right.

"THE COURT: Has anyone threatened you in any way, told you you had to plead guilty to this charge for any reason whatsoever?

"THE DEFENDANT: No.

"THE COURT: Has anyone offered you any inducements or promises or told you what your sentence would be or would not be or has anyone told you you would be given a suspended sentence or be placed on parole or anything of that nature?

"THE DEFENDANT: No.

"THE COURT: Are you answering to this charge of your own free will and accord and are you pleading guilty to it because you are guilty of it and because you did do the things I just read to you a few minutes ago?

"THE DEFENDANT: Yes.

"THE COURT: How old are you, Mr. Hogshooter?

"THE DEFENDANT: Twenty-eight.

"THE COURT: How far have you gone in school?

"THE DEFENDANT: I finished school.

"THE COURT: Is there anything at all about this proceeding you don't understand?

"THE DEFENDANT: No.

"THE COURT: Do you have any complaints about the advice of your attorney, Mr. Montgomery, or the advice he has given you or his representation of you in this case?

"THE DEFENDANT: No.

"THE COURT: Are you under the influence of any type of drug or intoxicating beverage or anything of that nature this morning?

"THE DEFENDANT: No.

"THE COURT: I will accept your plea. Show defendant pleads guilty to charge of grand stealing as contained in information. Presentence investigation ordered. Sentence deferred until Friday, August 31, 1973, at 10:00 A.M."

Defendant challenges the summary denial of his post conviction motion because of the failure of the lower court to conduct an evidentiary hearing and make findings of fact and conclusions of law.

In Colbert v. State, 486 S.W.2d 219 (Mo.1972), the appellant's motion to vacate guilty pleas was denied by the trial court following an evidentiary hearing. The transcript of the pleas was before the Supreme Court in the appeal. Speaking through Donnelly, J., the court said at p. 220: "This case, *because of the record made by the trial court* . . ., presents this court with an opportunity to eliminate from post-conviction judicial process in Missouri much unnecessary and time-consuming activity." After citing at length from the opinion of the United States Court of Appeals, Eighth Circuit, in State of Missouri v. Turley, 443 F.2d 1313 (1971), cert. den., 404 U.S. 965, 92 S.Ct. 336, 30 L.Ed.2d 284 (1971), the court ruled that by reason of the record made at the time of the guilty pleas and the sufficiency thereof to show that the pleas were "made

voluntarily with understanding of the nature of [each] charge" [Rule 25.04, V.A.M.R.] the evidentiary hearing conducted by the trial court was not required because the record of the guilty pleas conclusively showed the appellant was not entitled to relief. ". . . [T]he record [guilty pleas] . . . is sufficient to *insulate* the convictions from subsequent attack in federal habeas corpus proceedings." 486 S.W.2d at 221.

The case of Pauley v. State, 487 S.W.2d 565 (Mo.1972), was handed down shortly after the *Colbert* decision. Pauley's postconviction motion was summarily denied by the circuit court, without an evidentiary hearing, by the following order: "The Court finds from examination of the files of [sic] records, transcripts and motion, that Petitioner fails to set forth grounds for relief." In affirming *Pauley* the court said (l. c. 566): ". . . The transcript of the proceedings at the time movant pleaded guilty conclusively shows that petitioner is entitled to no relief on the stated grounds. . . . No evidentiary hearing was required by Criminal Rule 27.26(e), V.A.M.R., because the transcript conclusively shows that appellant is entitled to no relief and is sufficient to insulate the plea of guilty from subsequent attack in collateral proceedings . . . . " The court noted that Pauley's grounds charging noncompliance by the court with Rule 25.04 and derelictions of his counsel were refuted by the record made at the time of his guilty plea and concluded by saying at p. 567: "Under the circumstances the motion, files and records of the case conclusively show that petitioner is entitled to no relief. *No issues of fact were raised; the court properly denied an evidentiary hearing,*

*properly ruled in summarily denying the motion . . . ."* (emphasis added).

In Loflin v. State, 492 S.W.2d 770 (Mo. banc 1973), appellant's motion to vacate judgment and sentence was summarily denied by the trial court, the order reciting that the court found from the files, records and transcript of the guilty plea that movant was not entitled to relief.[1] The court held that Rule 27.26(e) required an evidentiary hearing only if issues of fact are raised in the motion and after examining the motion in light of the guilty plea record, followed the rule enunciated in *Colbert* and affirmed the judgment.

The *Colbert* rule was re-examined by our Supreme Court in Colbert v. State, 496 S.W.2d 12 (Mo. banc 1973), by reason of the State's motion to vacate the earlier decision because of alleged conflict with federal constitutional standards. The court found no conflict and at p. 13 said: ". . . [D]eprivation of constitutional rights that antedate the plea of guilty does not entitle a defendant to have his plea of guilty vacated. When a petitioner alleges only grounds which, if sustained by evidence, would not entitle him to relief, he is not entitled to a hearing."

Colbert was re-visited, re-examined, and the rule thereof enlarged in the recent en banc opinion of the Supreme Court in Smith v. State, 513 S.W.2d 407 (Mo. banc, filed July 22, 1974). In *Smith* the trial court had sustained the State's motion to dismiss defendant's motion to vacate and the Missouri Court of Appeals, St. Louis District, had reversed and remanded the case with directions to hold an evidentiary hearing and to make findings of fact and conclusions of law. The case was trans-

1. The writer of this opinion, as circuit judge, entered the summary denial orders in both *Pauley* and *Loflin*. In discussing the issue of findings of fact and conclusions of law in this appeal the State in its brief observes that *Pauley* "tacitly approved" of the order as being sufficient compliance with Rule 27.26(i) and states "An examination of the Supreme Court's file in the *Loflin* case reveals that no . . . findings and conclusions were orig-

inally made. Rather, the Supreme Court, on its own motion, remanded the case to the trial court for such findings and conclusions prior to its decision." A divisional opinion failed of adoption after transfer to the court en banc and the banc opinion states at p. 771 "Findings of fact and conclusions of law were made and entered on the issues presented . . . ."

ferred and in rejecting defendant's contention that he was entitled to an evidentiary hearing to determine the voluntariness of his plea, notwithstanding compliance by the sentencing court with Rule 25.04, the majority opinion reviewed the *Colbert* rule and recent state and federal cases. The court announced the expanded rule as follows at p. 410: ". . . [W]e ruled in the first Colbert case that an evidentiary hearing is not required in a 27.26 case where the guilty plea proceeding complied with Rule 25.04 and hence was sufficient to show that the plea was entered voluntarily with an understanding of the nature of the charge. Our consideration of the instant case has caused us to conclude that the Colbert rule should be combined with a well established rule of pleading and the enlarged rule stated as follows: A 27.26 movant, in order to be entitled to an evidentiary hearing, must plead *facts,* not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing."

The *Smith* opinion held that most of the defendant's grounds for relief were foreclosed by the cases cited in its review and that those remaining were insufficient to entitle him to relief. "As indicated, we rule that 'the files and records of the case conclusively show that the prisoner is entitled to no relief,' Rule 27.26(e), and hence the trial court did not err in failing to conduct an evidentiary hearing." 513 S.W.2d at 411.

In ruling against the defendant on his contention that the court failed to make findings of fact and conclusions of law pursuant to Rule 27.26(i), and thus the judgment should be reversed and the cause remanded, the court said at p. 412: "We do not agree. While it is usually mandatory for the court to make findings of fact and conclusions of law at the time of entering the order ruling on the motion, in this instance the basis of the trial court's ruling sufficiently appears in the record. The action of the trial court in sustaining

the motion to dismiss was equivalent to findings and conclusions in accordance with the grounds (heretofore quoted) set out in that motion. Those grounds are sufficient to provide a basis for appellate review."

In this case the record made at the time of defendant's guilty plea shows compliance with Rule 25.04 and is sufficient to show that the plea was entered voluntarily with an understanding of the nature of the charge and the original *Colbert* rule eliminates the necessity of an evidentiary hearing. The enlarged *Colbert* rule likewise negates an evidentiary hearing for the defendant since defendant's motion does not plead *facts,* which if true would entitle him to relief, and does not show that such facts are not refuted by the facts elicited at the time of his guilty plea.

This leaves the question of whether or not formal findings of fact and conclusions of law were called for in this case. We think not. Rule 27.26(i) requires such findings and conclusions on *issues* presented and in our opinion no issues of fact were raised. Pauley v. State, 487 S.W.2d 565 (Mo.1972); State v. Miner, 498 S.W.2d 814 (Mo.App.1973). As we had occasion to say in Perryman v. State, 506 S.W.2d 480 (Mo.App.1973), at p. 481: ". . . Thus, the trial court by its order necessarily concluded appellant's motion failed to meet the standards required for post-conviction review. If the trial court was correct at arriving at its stated determination summary denial of appellant's motion was likewise proper." Also see Betts v. State, 493 S.W.2d 361 (Mo. App.1973). To paraphrase Smith v. State, supra, the summary denial of appellant's motion was equivalent to findings and conclusions in opposition to the grounds set out in his motion to vacate.

The judgment is affirmed.

HOGAN, C. J., and STONE, TITUS and FLANIGAN, JJ., concur.