Rudolph Melvin **CRUZ**, Movant-Appellant,

v.

**STATE of Missouri**, Respondent.

No. 9682.

Missouri Court of Appeals,
Springfield District.

Oct. 29, 1974.

William E. Stoner, Springfield, for movant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

Appellant Rudolph Melvin Cruz, serving a twenty-year prison term for first degree robbery following his plea of guilty thereto in Greene County Circuit Court, was denied post-conviction relief under Rule 27.-26, V.A.M.R. He contends errors were committed in the lower court's failures to appoint him counsel, hold an evidentiary hearing, and make findings of fact and conclusions of law. We affirm.

 The transcript of the proceedings at the time appellant pleaded guilty conclusively shows that appellant is entitled to no relief on his stated grounds of involuntary plea, mental incompetency, ineffective assistance of counsel, and non-compliance by the court with Rule 25.04, V.A.M.R., and Chapter 552, RSMo 1969, V.A.M.S. We say this because appellant's grounds, and sub-grounds thereof, are fully and adequately controverted by the guilty plea record. Additionally, appellant's motion does not plead *facts*, which if true would entitle him to relief, and does not affirmatively show that such factual allegations are not refuted by the facts elicited at the time of his plea. Smith v. State, 513 S. W.2d 407 (Mo. banc 1974); Hogshooter v. State, 514 S.W.2d 109 (Mo.App.1974). Therefore, appointment of counsel and an evidentiary hearing were not required.

 The summary denial of appellant's motion was equivalent to findings and conclusions in opposition to the grounds of his motion. Smith v. State, supra. Hogshooter v. State, supra; Perryman v. State, 506 S.W.2d 480 (Mo.App.1974); Betts v. State, 493 S.W.2d 361 (Mo.App.1973); Pauley v. State, 487 S.W.2d 565 (Mo. 1972).

Judgment affirmed.

HOGAN, C. J., and STONE, TITUS and FLANIGAN, JJ., concur.