Joecephus WINSTON, Jr.,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 36864.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Feb. 10, 1976.

James W. Huck, Huck, Kasten & LaBeaume, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Philip M. Koppe, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, for respondent.

SIMEONE, Presiding Judge.

This is an appeal by movant-appellant, Joecephus Winston, Jr., from an order of the circuit court of the City of St. Louis entered May 7, 1974, overruling and denying without an evidentiary hearing his motion to vacate sentence pursuant to Supreme Court Rule 27.26.

On December 6, 1971, movant withdrew his plea of not guilty to murder in the second degree, § 559.020, RSMo 1969, and entered a plea of guilty to that offense. On the guilty plea, the trial court examined the movant, in the presence of his attorney, in great detail.[1] After questioning the mov-

---

1. The guilty plea transcript is indicative of the trial court's compliance with Rule 25.04. At the time movant entered his plea of guilty, the trial court, prior to acceptance thereof and after the circuit attorney recited the facts, asked or informed the movant (a) whether he was under the influence of drugs or liquor; (b) whether he had been under medical care recently; (c) whether he was aware of his right to refuse to plead guilty; (d) whether he was aware of his right to a jury trial in which he would have the right to confront witnesses, the right to cross-examine witnesses and the right to refuse to testify without the state's commenting on his refusal; (e) whether he understood the nature of the charge against him based on the facts which the state believed its evidence would show; (f) whether in fact he committed the offense; (g) whether his attorney had explained to him that the evidence might justify an instruction on a charge of manslaughter; (h) whether he was aware of the range of punishment for the charge for murder in the second degree; (i) whether anyone had threatened, intimidated, beaten or mistreated him as the result of which he was pleading guilty; (j) whether he knew that although there had been plea bargaining and although the court would carefully consider any recommendation made, the court was not bound by any recommendations and would feel free to impose a sentence which would be fair and reasonable under all the circumstances; (k) that the court did not authorize counsel to promise anything in the event that he pleaded guilty and a certain punishment would be imposed; (l) that the court had made no promises with respect to punishment, and whatever recommendations are made would not be binding on the court; (m) whether he was so nervous and apprehensive that he did not understand "what is going on today"; and (n) whether he understood that if, following a pre-sentence investigation,

ant, the trial court found that movant "knowingly, understandingly, intelligently, and voluntarily" entered a plea of guilty, and the court found him to be guilty of the offense of murder in the second degree as charged. The state recommended a sentence of ten years, and after a pre-sentence investigation, movant was sentenced on January 20, 1972, to ten years in the department of corrections, and given credit for "jail time."

On May 7, 1974, movant filed his motion to vacate sentence contending that

" '(a) The plea of guilty herein was the result of and predicated upon a plea bargaining session held by the trial judge [sic], the Circuit attorney, and movant's attorney. Said plea bargaining session was held without the knowledge or consent of movant, and in his total absence.

'(b) The plea of guilty herein was the exclusive result of the coercive tactics superimposed upon movant by his court appointed [attorney]; and therefore said plea was not voluntarily made after a full understanding of the nature of the charges against him.

'(c) In accepting the plea of guilty aforesaid the trial judge did not make a competent determination that said plea was voluntarily made by movant.

'(d) Contrary to the order of the Court, movant was not credited with all the time spent in jail.' " [2]

On the same date the trial court overruled the motion because

" . . . paragraph (a) is insufficient in law to warrant relief and is manifestly contravened on the record of the plea of guilty; that paragraph (b) is merely a conclusion of the movant and is contradicted by the record of the plea of guilty;

that paragraph (c) is contradicted by the record of the plea of guilty, in addition to which the Court did make such a finding; that paragraph (d) is not a ground cognizable under Rule 27.26. . . ."

Later and after two attorneys were appointed and were permitted to withdraw, the court on August 7, 1974, appointed movant's present counsel for the purposes of appeal. On February 11, 1975, counsel filed in this court a motion requesting additional time to file his notice of appeal. On February 25, 1975, this court granted appellant's motion for leave to file a late notice of appeal and appellant was granted ten days to file his notice of appeal. Rule 81.07. Such a notice was filed on March 5, 1975.

Thereafter on March 13, 1975, movant filed with the trial court a motion to set aside the May 7, 1974 order of the trial court, contending that the motion was summarily denied "without an attorney being appointed to represent the Movant-Appellant and without the holding of an evidentiary hearing . . . ." In this motion counsel requested that he be granted leave to file an amended motion on behalf of appellant. This motion was overruled.

Notwithstanding the order of the Chief Judge of this court granting movant additional time to file his notice of appeal, we are compelled to dismiss this appeal for the reasons that (1) the notice of appeal was not timely filed and (2) a special order of this court was not obtained within six months from the date of the final judgment. Rule 81.07.

▪▪▪ A motion filed under Rule 27.26 is an independent civil action which is governed, so far as applicable, by the Rules of Civil Procedure, rather than by the Rules of

---

the court denied his application for probation, he could not use that as an excuse to withdraw his guilty plea.

**2.** Movant's motion indicated that he had earlier filed a motion to vacate but because the earlier motion was prepared "by another

inmate who apparently did not have the ability to adequately prepare said motion . . . the grounds herein was inadvertently ommitted (sic) from said motion." The State admits that no earlier motion can be found.

Criminal Procedure.[3] Rule 27.26(a); *Lahmann v. State*, 509 S.W.2d 791, 794 (Mo.App.1974); *Brown v. State,* 495 S.W.2d 690, 693 (Mo.App.1973). An order overruling a 27.26 motion is deemed a final judgment for purposes of appeal. Rule 27.26(j); *State v. Gullett*, 411 S.W.2d 227, 228 (Mo.1967). A judgment becomes final thirty days after its entry. Rule 81.05. A notice of appeal must be filed within ten days after the judgment or order becomes final. Rule 81.04. However, " . . . a party seeking reversal of such final judgment may file a notice of appeal in the trial court, within 6 months from the date of such final judgment, if permitted to do so by a special order of the appropriate appellate court. . . ." Rule 81.07(a). The application made to this court requesting time to file a notice of appeal was not made until February 11, 1975, and the order granting such motion was not entered until February 25, long after the expiration of the six month period when the order overruling the motion became final. We hold that the governing Rule in motions to vacate sentence is Rule 81.07 and not Rule 28.07 and requires that the notice of appeal must be filed "within 6 months from the date of such final judgment . . . ."

The granting of the motion of appellant for leave to file a late notice of appeal by the Chief Judge on February 25, 1975 was therefore improvident.[4] Our jurisdiction is limited to the period of six months after the judgment or order became final. *Asher v. Thomas,* 360 S.W.2d 957, 958 (Mo.App.1962).

Consequently, movant's failure to file a timely notice of appeal and failure to obtain leave to file a notice of appeal out of time under Rule 81.07 requires us to dismiss the appeal. *Gullett v. State,* supra.

Ex gratia, we have reviewed the record of the guilty plea, the sentencing transcript, the motion to vacate, the briefs and authorities relied upon and the argument of appellant and find that the action of the trial court in overruling the motion was, on the merits, not "clearly erroneous." Rule 27.26(j).[5]

The appellant in his brief contends that the court erred in (1) "summarily overruling the movant-appellant's . . . motion to vacate . . . without first appointing counsel to assist the movant . . . thereon," and (2) "denying the [movant's] motion asking the court to set aside its previous ruling and to permit counsel to assist [him] in preparing an amended motion for relief."[6] He contends (1) that where "one's freedom is in the balance and where an adverse ruling on matters before a Court will perpetuate the imprisonment of one seeking relief . . ., no action should be taken, absent a knowing and intelligent waiver, until competent counsel is provided for the party seeking relief . . ." and (2) that "[w]here there are clear indications of a need for legal assistance, a . . . 27.26 Motion filed pro se should not be acted upon until legal counsel has been appointed . . . and that counsel has had an opportunity to confer with the Movant and to amend his Motion to include all grounds known for relief."

In essence, appellant vigorously contends that (1) a trial court cannot take any action adverse to the movant on any 27.26 motion filed by a convicted defendant until counsel is appointed for the movant, and (2) when there is some indication for the need of a lawyer, any pro se 27.26 motion cannot be acted upon by the trial court until counsel is appointed and has had an opportunity to

---

3. Rule 28.07 authorizes an appeal to be filed out of time "within twelve months from the date of final judgment if a special order to do so has been first obtained from the appropriate appellate court."

4. Cf. *State v. Brookshire*, 400 S.W.2d 61, 63 (Mo.1966)—applied Civil Rule 82.07(a) [now Rule 81.07] to 27.26 proceeding; and *State v.*

*Warren,* 344 S.W.2d 88, 90 (Mo.1961)—same.

5. Cf. Rule 73.01 Subsection 3, effective January 1, 1975.

6. This motion, of course, was made after the notice of appeal to this court was filed.

confer with the movant and to amend the motion.

In appellant's argument, he states that the right to counsel has been recognized in several well-known decisions of the Supreme Court of the United States, and that these same decisions and "factors would be equally applicable where matters before the Court could result in the perpetuation of imprisonment of one seeking relief from that imprisonment." Curiously, appellant cites no authority for this principle. He argues that when one's freedom is "in the balance" *no action* should be taken until counsel is present to represent the person. "This is because the right to be heard is of little value if it is not a right to be heard in a meaningful manner." If the movant is indigent then the court should "require that counsel be provided . . . ." In this cause it "should have been clear from the . . . Motion that he filed *pro se* that he does not possess any legal skill. . . . And, he faces the danger of continued imprisonment simply because he does not know how to establish his right to freedom."

Appellant further, in the argument portion of his brief, contends that "[w]hile it will be conceded that the authority [sic] relied on would appear to support the position taken by the [trial] Court, it is contended here that the summary dismissal of the . . . Motion was error." He urges that where there are indications of a need for legal assistance a motion should not be acted upon until counsel is appointed. This position is urged because the way the present rule operates it deprives prisoners who are in need of legal assistance of that assistance, and limits appointment of counsel to those "situations in which the Movant has legitimate grounds for relief." Such a system operates in a "discriminatory fashion against the less prolific but possibly equally deserving Movant." And "[j]ust because this Movant has been unable to prepare a detailed dissertation is no reason to deny him the assistance of counsel or the right to be heard on his claims."

Appellant's contentions are in reality an attack on the wording and operation of Rule 27.26. As we understand his argument, he contends that, regardless of the contents of a 27.26 motion, the trial court should appoint counsel before acting or ruling upon the motion. Although the motion is pro se and regardless of the allegations, counsel must be appointed before action is taken by the trial court.

Under recent decisions, counsel must now be provided at a lineup, at a preliminary hearing in felony cases, at trial, on appeal, in misdemeanor cases, in some municipal violations, in juvenile cases, and at sentencing. And now appellant argues that counsel must be provided in all 27.26 motions because it discriminates against the "less prolific."

The whole thrust of appellant's brief is founded on the contention that the trial court must appoint counsel whether or not his motion alleged facts sufficient to entitle him to relief and must appoint counsel before making any ruling adverse to the movant.

Appellant paints with much too broad a brush. We have not yet reached the point urged by the appellant. Rule 27.26 requires an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." and requires the appointment of counsel only if "a motion presents questions of law or issues of fact . . . ." Rule 27.26(e) and (h).

■ The well-settled rule in this state is that no evidentiary hearing is required, and hence counsel need not be appointed, where the motion does not plead facts which, if true, would entitle the movant to relief and the record of the guilty plea shows that the facts alleged are refuted by the record of the plea. *Hogshooter v. State*, 514 S.W.2d 109 (Mo.App.1974), and cases cited therein; *Smith v. State*, 513 S.W.2d 407 (Mo.banc 1974), cert. den. 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975); *Loflin v.*

*State*, 492 S.W.2d 770, 772–773 (Mo.banc 1973).

The rule determining whether an evidentiary hearing is required has been stated in *Smith v. State*, supra.

"A 27.26 movant, in order to be entitled to an evidentiary hearing, must plead *facts*, not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing." 513 S.W.2d at 411.

◼ Neither is counsel required in every 27.26 motion. The Rule provides that "[i]f a motion presents questions of law or issues of fact, [then] the court shall appoint counsel immediately to assist the prisoner if he is an indigent person. . . ." Rule 27.26(h). The principle established in this state is that there is no right to counsel on a post conviction motion when (1) the contentions made in the motion have been adjudicated previously, or (2) the contentions could have been raised in a prior motion, or (3) the contentions are not cognizable under a 27.26 motion, or (4) where no evidentiary hearing is required.[7] *Smith v. State*, supra; *Duisen v. State*, 504 S.W.2d 3, 5 (Mo.1974); *Loflin v. State*, supra, 492 S.W.2d at 773; *State v. Miner*, 498 S.W.2d 814, 816 (Mo. App.1973); *Betts v. State*, supra, 493 S.W.2d at 362; *Perryman v. State*, 506 S.W.2d 480, 483 (Mo.App.1974).

◼ The Supreme Court of the United States has never held that the right to appointed counsel extends to post-conviction motions in all cases. Cf. *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, 814 (1963).[8]

◼ We must conclude from all the authorities that where the record of the guilty plea is sufficient to show that a plea is made voluntarily with an understanding of the nature of the charge and the motion to vacate shows facts which are refuted by the plea, an evidentiary hearing is not required and the court is not required to appoint counsel. *Loflin v. State*, supra. We have not yet reached the point in our constitutional process where a post-conviction motion cannot be acted upon until legal counsel had been appointed for an indigent. There are still some matters in society which do not require the appointment of a lawyer.

◼ Our review of the record persuades us that the files and records of the guilty plea were sufficient to conclusively show that the movant's plea was made voluntarily with an understanding of the nature of the charge, and that movant is entitled to no relief by reason of his allegations in his motion to vacate.

◼ Our review convinces us that the trial court was not clearly erroneous in (1)

7. Where the record shows that the plea was made voluntarily and it shows that movant is not entitled to relief by reason of the matters alleged in the motion, an evidentiary hearing is not required, and it follows that the court is not required to appoint counsel. *Loflin v. State*, supra, 492 S.W.2d at 773.

Where the files and records of the case conclusively show that petitioner is entitled to no relief as alleged in the motion, no evidentiary hearing is required. *Betts v. State*, 493 S.W.2d 361, 362 (Mo.App.1973).

8. "We are not here concerned with problems that might arise from the denial of counsel for the preparation of a petition for discretionary or mandatory review beyond the stage in the appellate process . . . We are dealing only with the *first appeal*, granted as a matter of right to rich and poor

alike . . . ." *Douglas v. California*, supra, 372 U.S. at 356, 83 S.Ct. at 816. (Emphasis original.)

"It has not been held that there is any general obligation of the courts, state or federal, to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief." *Johnson v. Avery*, 393 U.S. 483, 488, 89 S.Ct. 747, 750, 21 L.Ed.2d 718 (1969).

The constitutional requirement of counsel does not apply to a post-conviction motion. *Juelich v. United States*, 342 F.2d 29, 31–32 (5th Cir. 1965); *Ford v. United States*, 363 F.2d 437, 437–438 (5th Cir. 1966); *McCracken v. State*, 518 P.2d 85, 90 (Alaska 1974); 21 Am.Jur.2d Criminal Law, supp., § 322 (1975).

denying the motion to vacate without an evidentiary hearing and without appointing counsel and (2) in overruling the motion to set aside the order and to permit an amendment, after the appeal was taken, on the alleged ground that the motion was denied without an attorney being appointed.

However, because the notice of appeal was untimely filed and because the application for a special order of this court was not made and granted within six months after the judgment became final, the appeal is dismissed.

The appeal is dismissed.

KELLY and GUNN, Jr., JJ., concur.