John W. HALIBURTON, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 28409–28454.

Missouri Court of Appeals, Kansas City District.

Jan. 31, 1977.

Thomas M. Larson, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SOMERVILLE and TURNAGE, JJ.

WASSERSTROM, Presiding Judge.

Defendant pleaded guilty to second degree murder in 1972 and was sentenced to 35 years imprisonment by Judge Lucas. In 1975, defendant filed this motion to vacate the sentence under Rule 27.26. That motion was denied by Judge Clark on the record without appointment of counsel or the holding of an evidentiary hearing. On this appeal, defendant assigns those denials as error.

The basis upon which defendant seeks to vacate the sentence is ineffective assistance

of counsel prior to and in connection with his plea of guilty. To support that charge, defendant's motion alleges:

"1. The court-appointed lawyer, Kenneth Simon, interviewed the Movant for a total of less than 30 minutes, which can be proven by Jackson County Jail visiting records.

2. Mr. Simon did not interview the available defense witnesses for the Movant to prepare the defense.

3. Mr. Simon did not interview the state's witnesses, nor did he investigatre (sic) the prosecution's evidence and explain such evidence to the Movant in detail so that Movant would know what evidence would have to be refuted.

4. Mr. Simon pressured the Movant into a guilty plea against the expressed desire of the Movant who wished to have a trial as he was not guilty."

## I.

■ To qualify for an evidentiary hearing on a 27.26 motion, the movant must meet the following requirements: 1) His motion must allege facts, as opposed to conclusions, warranting relief. *Smith v. State,* 513 S.W.2d 407 (Mo. banc 1974); *Hogshooter v. State,* 514 S.W.2d 109 (Mo. App.1974); *Arnold v. State,* Mo.App., St. Louis District, 545 S.W.2d 682, decided December 14, 1976. 2) Those facts must raise matters not refuted by the files and records in the case. Rule 27.26(e); *Smith v. State, supra; Hogshooter v. State, supra; Arnold v. State, supra; Morris v. State,* Mo.App., St. Louis District, 547 S.W.2d 827, decided December 21, 1976. 3) The matters complained of must have resulted in prejudice to the defendant, *Smith v. State, supra.* Each of defendant's four complaints fails to comply with one or more of those requirements.

■ A. With respect to the complaint that his counsel only interviewed him for less than 30 minutes, the law does not impose any minimum period of time necessary for this purpose. *Williams v. State,* 508 S.W.2d 211, 214 (Mo.App.1974); *State v. Hamel,* 420 S.W.2d 264, 266 (Mo.1967). The time required is simply that sufficient to accomplish proper representation. Defendant's motion does not state why additional time in interviewing was necessary or what would have been accomplished to his benefit thereby. Indeed, his evidence given before Judge Lucas at the time of the hearing on his guilty plea strongly indicates that no good purpose would have been served by additional conference. At that time defendant stated in answer to questioning by the court that he was in fact guilty, that he was perfectly satisfied with the legal advice he had been given and that he had no unhappiness about his counsel not having done everything he could to defend him in the case.

■ Moreover, once defendant entered his guilty plea, a determination of the adequacy of counsel became immaterial except to the extent that it bears on the issue of voluntariness and understanding in the entry of the plea. *Floyd v. State,* 518 S.W.2d 700 (Mo.App.1975); *Barylski v. State,* 473 S.W.2d 399, 402 (Mo.1971); *White v. State,* 530 S.W.2d 444 (Mo.App.1975); *Parks v. State,* 518 S.W.2d 181, 184 (Mo.App.1974); *Williams v. State, supra.* The record made before Judge Lucas demonstrates beyond quibble that the plea of guilty was entered voluntarily, with proper understanding, and without coercion from counsel or anyone else. In this connection the following portions of defendant's testimony before Judge Lucas are particularly pertinent: no one had threatened, forced or coerced him in any way to enter the plea; the fatal shot occurred when he and two others were attempting to rob the victim, defendant pulled out his gun, held it on the victim and pulled the trigger; no one, specifically including his own attorney, had threatened him in any way to cause him to come in to enter the plea and he was entering the plea of guilty entirely of his own free will; no one had mistreated him in any way; and he was perfectly satisfied with the legal advice that he had been given and he was not saying that his lawyer had not done everything that any lawyer could do.

**B.** With respect to defendant's complaints that his counsel had not interviewed available defense witnesses or the State's witnesses, the motion fails to state what witnesses those would have been and how those interviews would have been of any benefit to defendant. The allegations are therefore purely conclusory in violation of the rule laid down in *Smith* and *Hogshooter*. This results in the failure of any claim that the alleged lack of investigation was prejudicial. *Fritz v. State*, 524 S.W.2d 197, 199 (Mo.App.1975); *McQueen v. Swenson*, 498 F.2d 207 (8th Cir. 1974); *Arnold v. State, supra; Morris v. State, supra.*

Still further, the present complaint is contrary to the admission made by defendant before Judge Lucas that he was perfectly satisfied with the legal advice he had been given and that his lawyer had done everything that any lawyer could do. On top of all that, this alleged failure to investigate in no way touches upon the voluntariness and understanding nature of the plea of guilty and the alleged failure to investigate is therefore immaterial.

**C.** With respect to the alleged "pressure" by defendant's counsel to enter into a guilty plea, the nature of this alleged pressure is not stated and the allegation is therefore purely conclusory in violation of *Smith* and *Hogshooter*. Moreover, this present claim of coercion is belied by the testimony given by defendant before Judge Lucas detailed above.

Under the applicable legal standards, the trial court properly declined to hold an evidentiary hearing on defendant's motion.

## II.

Defendant argues as his second point that the trial court should have appointed counsel before overruling the 27.26 motion. He complains that his motion was an untutored effort by a layman which could have been fleshed out and made to comply with legal rules by one schooled in the law. He contends that it is unfair to rule against him because of the inartistic nature of his motion when at the same time he was denied counsel who could have cured the defects.

This basic argument was persuasive upon two members of the Supreme Court as evidenced by the dissent in *Loflin v. State*, 492 S.W.2d 770 (Mo. banc 1973). However, the majority of the Supreme Court views the matter otherwise, and the majority view is binding upon this court.

Under the majority decision in *Loflin* and the facts disclosed by the files and records here, defendant was entitled to neither an evidentiary hearing nor court appointed counsel in connection therewith. See also *Keller v. State*, 523 S.W.2d 127, 129 (Mo. App.1975). *State v. Fritz*, 429 S.W.2d 699 (Mo.1968) involves very special circumstances not presented here, and *Fritz* is not in point.

Affirmed.

All concur.