**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Tyrone MARTIN, Defendant-Appellant.**

No. 38847.

Missouri Court of Appeals,
St. Louis District,
Division One.

June 13, 1978.

Devereaux & Stokes, Michael D. Stokes, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Stanley Robinson, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., John D. Chancellor, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

McMILLIAN, Judge.

Appellant Tyrone Martin appeals from a final order entered by the circuit court of the City of St. Louis denying appellant's *pro se* motion to vacate and set aside judgment and sentence pursuant to Rule 27.26, V.A.M.R. For reversal appellant argues that the trial court erred in failing to immediately appoint counsel to assist appellant in amending the motion. For the reasons discussed below, we affirm the judgment of the trial court but urge the Supreme Court. to reconsider the present construction of Rule 27.26(h), V.A.M.R.

On June 6, 1973, appellant entered a guilty plea to the charge of attempted robbery in the first degree. The trial court suspended imposition of sentence and placed appellant on probation for five years.

On May 10, 1976, appellant pleaded guilty to the charge of burglary in the second degree. On August 27, 1976, the trial court revoked appellant's probation and sentenced appellant to a term of four years imprisonment for the attempted robbery and two years for the burglary, said terms to run consecutively. On December 6, 1976, appellant filed a *pro se* Rule 27.26 motion. The trial court refused to appoint counsel to consult with appellant concerning possible amendments to the motion. Thereafter the trial court overruled appellant's motion and denied appellant's request for an evidentiary hearing. In a memorandum opinion, which included findings of fact and conclusions of law, the trial court found appellant's allegations to be either conclusory or without legal merit. This appeal then followed.

The only issue raised on appeal is whether the trial court erred in failing to immediately appoint counsel to assist appellant in amending his motion. Appellant does not argue that the trial court should have held an evidentiary hearing, only that counsel should have been appointed. We note that this issue was presented and resolved *ex gratia* in *Winston v. State*, 533 S.W.2d 709 (Mo.App.1976). The court in *Winston* observed that

> [t]he principle established in this state is that there is no right to counsel on a post conviction motion when (1) the contentions made in the motion have been adjudicated previously, or (2) the contentions could have been raised in a prior motion, or (3) the contentions are not cognizable under a 27.26 motion, or (4) where no evidentiary hearing is required.

*Id.* at 715 (citations omitted); see also *Loflin v. State*, 492 S.W.2d 770, 772–773 (Mo. banc 1973); *Bolden v. State*, 530 S.W.2d 505, 507 (Mo.App.1975). It is well-settled that an evidentiary hearing, and thus the appointment of counsel on a Rule 27.26 motion will only be granted if the movant has pled facts, not conclusions, which, if true, would entitle him to relief and the motion contains factual allegations which are not refuted by the record. *E. g., Voegt-*

*lin v. State*, 546 S.W.2d 40 (Mo.App.1977); *Arnold v. State*, 545 S.W.2d 682 (Mo.App. 1976). In the present case, as in *Winston*, our review of the record shows that appellant's guilty pleas were made voluntarily with an understanding of the nature of the charges and that appellant is entitled to no relief by reason of the allegations in his motion. Therefore, an evidentiary hearing is not required and the trial court is not required to appoint counsel. *E. g., Loflin v. State*, 492 S.W.2d 770, 773 (Mo. banc 1973); *Betts v. State*, 493 S.W.2d 361, 362 (Mo.App. 1973).

Nevertheless, we urge the Supreme Court to reconsider the present construction of Rule 27.26(h). The determination by the trial court that there are no issues of fact or questions of law raised in a *pro se* motion without appointing counsel to help the movant to amend often works an injustice against the indigent or less articulate. "The right to file a motion under 27.26 is hollow if we determine the [movant]'s rights without ever giving him a chance to advise with an attorney in the trial court, which is the place for defendant to come forth with the facts on which he relies." *Loflin v. State*, 492 S.W.2d 770, 774 (Mo. banc 1973) (Seiler, J., dissenting). As noted in *State v. Garner*, 412 S.W.2d 155, 157 (Mo.1967),

> we cannot help but observe that assistance of counsel in preparing and filing an amended motion adequately stating all issues involved, in presenting the evidence in a clear and orderly manner, and finally in briefing the case as contemplated by applicable rules would make much easier the task of the trial and appellate courts in resolving the questions involved.

Judgment affirmed.

CLEMENS, P. J., concurs.

SMITH, J., concurs in result only.