Clarence Louis TAMMONS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 39150.

Missouri Court of Appeals, St. Louis District, Division Three.

Sept. 26, 1978.

Charles D. Sindel, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto and John M. Morris, Asst. Attys. Gen., Jefferson City, for respondent.

CLEMENS, Judge.

Movant Clarence L. Tammons (hereafter "defendant") has appealed from denial of his pro se Rule 27.26 motion without an evidentiary hearing. He had been convicted by a jury of possessing heroin and sentenced to fifteen years' imprisonment. Affirmed on appeal. *State v. Tammons,* 522 S.W.2d 648 (Mo.App.1975).

In denying this motion the trial court ruled Tammons had failed to allege facts entitling him to relief. No evidentiary hearing was held and no attorney was appointed. Defendant's sole contention on appeal is that the trial court erred by denying his motion without first appointing counsel.

Rule 27.26(h) provides counsel shall be appointed for an indigent when the motion presents questions of law or issues of fact. Defendant contends it is fundamentally unfair to expect a pro se motion to be drafted with professional quality. While this same argument was persuasive to two dissenting members of the court in *Loflin v. State,* 492 S.W.2d 770 (Mo.1975), the majority held that counsel need not be appointed if the Rule 27.26 motion does not plead facts which would entitle movant to relief. *Wallace v. State,* 556 S.W.2d 471 (Mo.App.1977); *Loflin,* supra. We are bound by those decisions.

In his Rule 27.26 motion defendant Tammons alleged failure of his appointed counsel, after our adverse decision on appeal, to apply for rehearing or transfer to the Missouri Supreme Court was a denial of his right to effective assistance of counsel. This claim is not cognizable under Rule 27.26 because, even if meritorious, the trial court could not give relief. In *Cole v. State,* 553 S.W.2d 877[9–10] (Mo.App.1977), we held that under Rule 27.26 a defendant may challenge counsel's trial court errors only, not those on appeal. To the same effect, see *Hamphill v. State,* 566 S.W.2d 200[15, 16] (Mo.1978).

Judgment affirmed.

REINHARD, P. J. and GUNN, J., concur.