**STATE of Missouri, Respondent,**

v.

**Robert Orlando NEAL, Appellant.**

**No. 56625.**

Supreme Court of Missouri,
Division No. 1.

Sept. 11, 1972.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

John J. Cosgrove, Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant; Paul T. Miller, Executive Director, Willard B. Bunch, Chief Defender, Kansas City, of counsel.

BARDGETT, Judge.

Robert Orlando Neal was charged with the offense of forcible rape and one prior felony conviction. The jury found him guilty of forcible rape and he was sentenced by the court to fifteen years imprisonment. Sec. 559.260 V.A.M.S., 1969. The motion for new trial was overruled. Neal appealed on February 19, 1971, and the transcript of the record was filed here June 28, 1971. This court has jurisdiction. Art. V, § 3, Const. of Mo.1945.

The evidence was sufficient to support a finding by the jury that on May 22, 1969, in Kansas City, Missouri, the female victim, after locking the door to her apartment went to bed about 9:00 p.m.; that about one hour later she awoke and saw a man standing beside her bed who she later identified as the appellant; that appellant told her, "If you don't make any noise, I won't hurt you"; that appellant then got into bed with the victim and held a sharp pointed object against her neck; that she was frightened and tried to resist, but that appellant had sexual intercourse with her against her will; that while she was being raped she called out to her daughter and told her to get a neighbor lady; that appellant thereafter got up and went through the kitchen to go out the door; that the light had been left on in the kitchen and the victim saw appellant as he was trying

to get the door unlocked. He then left by the kitchen door.

The police were called and took the victim to a hospital where a vaginal examination was done and male sperm was found in the vagina.

Two days later the victim saw appellant on the street and called the police, but appellant was gone by the time the police arrived. Later she picked the appellant's photo out of a number of photographs shown to her at the Kansas City Police Department. She saw appellant two more times and called the police but he was gone by the time the police arrived. Later she viewed a lineup at the police department and picked appellant out of the three men in the lineup.

All three men in the lineup were Negroes of approximately the same height and within six years of the same age. Appellant objected to the lineup identification on the ground that he did not have an attorney at the lineup, whereupon the state proved that the appellant waived his right to have a lawyer present at the lineup.

Appellant testified in his own behalf. He denied ever having been in the victim's apartment and denied assaulting her, raping her and ever having sexual relations with her. He testified that on the night in question he was at Jewels Nightclub and, upon leaving there, he went home where he remained the rest of the night.

■ Point one of appellant's brief asserts the court erred in admitting the lineup identification testimony on the grounds that the other people in the lineup bore no physical resemblance to appellant. The evidence does not support appellant's position. The point is overruled.

■ Appellant's second point is that the in-court identification was tainted because of the identification in the lineup. There is no evidence that the lineup identification was in anyway unfair or suggestive. Additionally, the victim saw appellant at the time of the rape and on two or three other occasions subsequent thereto and completely independent of the lineup. The point is overruled. State v. DeLuca, Mo., 448 S. W.2d 869; State v. Williams, Mo., 448 S. W.2d 865. In these circumstances United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, does not apply.

■ Appellant's third point is that the court erred in refusing to acquit appellant at the close of the state's case for the reason that the victim's testimony concerning the use of force was not corroborated by other evidence.

■ Corroborating evidence of the victim's testimony in rape cases is not required where the testimony of the victim is not contradictory in nature or unbelievable. State v. Gray, Mo., 423 S.W.2d 776, 781. The point is overruled.

■ Appellant's fourth point is that the court erred in giving instruction No. 3 for the reason that it assumed facts not in evidence. Instruction No. 3 is as follows:

"If you find and believe from the evidence beyond a reasonable doubt:

"First, that on the 22nd day of May, 1969, in the County of Jackson, State of Missouri, the defendant inserted his sexual organ into the sexual organ of (victim's name omitted), and

"Second, that he did so against her will and after he caused her to submit by threats which caused her to fear physical violence to herself, then you will find the defendant guilty of Rape.

"However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the defendant not guilty of that offense."

This instruction was apparently taken from the Report of the Missouri Bar on Criminal Pattern Instructions where it appears as Instruction 6.40. There was substantial evidence to support each and every

item submitted in the instruction and no facts were assumed. The point is overruled.

■ Appellant's point number five alleges error on the giving of instruction No. 5 for the reason that it invades the province of the. jury. Instruction 5 advised the jury of the presumption of innocence of the appellant; that he should be acquitted if they had a reasonable doubt as to guilt, and defined reasonable doubt. It did not invade the province of the jury. The point is overruled.

Appellant's point no. 6 is that the court erred in refusing to give instruction A offered by appellant. Instruction A was similar to instruction 3, supra, except that the second paragraph of instruction A submitted, "that he did so against her will and forcibly after she resisted to the utmost of her ability . . ."

■ The "utmost resistance" doctrine does not apply where the woman is put in fear of personal violence and her will thus overcome. State v. Beck, Mo., 368 S.W.2d 490. In this case there was substantial evidence that the victim was put in fear of personal violence and her will was overcome thereby. The point is overruled.

Appellant's seventh and last point is that "The court erred when it instructed the jury after they had deliberated for some time to the effect that they must agree on a verdict since the defendant had no opportunity to argue such instruction by the court and further for the reason that the jury was dictated to bring in a verdict when the law allows them to remain in final disagreement if they so desire".

Neither appellant's attorney, the state's attorney, nor the court can find any such instruction in the transcript of the record on appeal. Nor is there any incident in the record that comes within the description set forth in this point. The point is overruled.

The judgment is affirmed.

All of the Judges concur.