STATE of Missouri, Respondent,

v.

Nathaniel MARTIN, Appellant.

No. 57055.

Supreme Court of Missouri,
Division No. 2.

March 12, 1973.

John C. Danforth, Atty. Gen., Jefferson City, E. Thomas Coleman, Jr., Asst. Atty. Gen., Kansas City, for respondent.

Christopher Dye, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

Paul T. Miller, Executive Director, Willard B. Bunch, Chief Defender, Kansas City, of Counsel.

DONNELLY, Judge.

Appellant, Nathaniel Martin, was convicted of robbery in the first degree by a jury in the Circuit Court of Jackson County, Missouri, and his punishment was assessed at imprisonment for a term of eight years. Following rendition of judgment and imposition of sentence, an appeal was perfected to this Court.

The appeal having been taken to this Court prior to January 1, 1972, the effective date of new Article V of the Constitution, V.A.M.S., we have jurisdiction pursuant to then Art. V, § 3 of the Missouri Constitution.

The evidence adduced at the trial showed that on June 4, 1970, Joseph Patrick Donovan was employed as a clerk in

a Seven-Eleven Store located at 3835 Troost, in Kansas City Missouri. Late that evening, appellant entered the store, picked out a package of lunch meat and placed it on the counter. He then informed Donovan, who was standing behind the counter, that his fellow employee, Edward Carter, wanted to talk to him. Donovan turned toward Carter, who was standing some twenty-five feet away from him, and asked him what he wanted. Donovan observed another man, later identified as Stanley Wright, holding a .38 caliber revolver on Carter. Carter replied that a holdup was in progress. Donovan then turned to appellant and asked if he wanted the money. Appellant replied affirmatively and shoved a paper sack across the counter to Donovan. Appellant reached into the cash register and removed checks and bills. He also demanded whiskey and Donovan's personal possessions.

Kansas City Police responded to the store's robbery alarm. They arrested appellant, searched him and found a brown paper sack, containing money, a wallet and some jewelry, in his coat pocket. They also found a quantity of .38 caliber shells in his pants pocket. The police also observed Stanley Wright trying to hide a .38 caliber revolver.

■ Appellant first contends the trial court erred when it refused to allow him to cross-examine State's witness Donovan concerning his testimony at a preliminary hearing held on June 25, 1970. Appellant asserts that he was thereby deprived of the right to impeach Donovan's credibility by proving he had made prior inconsistent statements at said preliminary hearing.

In State v. Thompson, Mo.Sup., 280 S.W.2d 838, this Court held that a defendant is entitled to reasonable cross-examination of the State's witnesses for the purpose of impeachment by showing prior inconsistent statements or to lay a proper foundation for impeachment on this ground by use of other witnesses, and although the trial court might properly exercise its discretion as to the scope and extent of cross-examination, to prevent any cross-examination on the subject is not within its discretion.

The *Thompson* holding cannot assist appellant in this case. Richard Beitling, who acted as attorney for appellant at the preliminary hearing of June 25, 1970, testified at trial in behalf of appellant as to prior inconsistent statements made at such preliminary hearing by witness Donovan. The trial court, over objection by the State, permitted appellant to proceed unrestricted in this regard. On this record, we find no abuse of discretion.

■ Appellant next contends the trial court erred in permitting the State to introduce into evidence the .38 caliber bullets found on appellant by the arresting officers, because they "were in no way connected with the crime with which appellant is charged." The evidence is that the robbery was committed with a .38 revolver. The point is without merit. State v. Richetti, 342 Mo. 1015, 119 S.W.2d 330, 339[8].

■ Appellant finally contends the trial court erred "when it overruled appellant's motion to dismiss the information on the grounds that appellant was denied a speedy trial."

The information was filed August 17, 1970. The case went to trial on May 3, 1971. The record does not show that appellant at any time demanded a trial. The point is without merit. State v. Harper, Mo.Sup., 473 S.W.2d 419.

The judgment is affirmed.

All of the Judges concur.