STATE of Missouri, Respondent,

v.

John Henry GALLUP and William Ernest Baker, Appellants.

No. KCD 27196.

Missouri Court of Appeals, Kansas City District.

March 3, 1975.

William G. Mays, II, Public Defender, Columbia, for appellants.

John C. Danforth, Atty Gen., Neil MacFarlane, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., PRIT-CHARD, C. J., and TURNAGE, J.

PRITCHARD, Chief Judge.

Appellants, John Henry Gallup and William Ernest Baker, were charged by information in the circuit court of Boone County, Missouri, with the crimes of kidnapping and forcible rape in violation of § 559.240 and § 559.260, RSMo 1969, V.A.M.S., respectively. After a change of venue was taken to Calloway County, Missouri, the trial was held, and the jury found both appellants guilty on both counts. The jury fixed Gallup's punishment at six years for kidnapping and thirty years for rape. Baker's punishment was fixed at ten years for kidnapping and forty years for rape. After overruling the motion for new trial and duly granting allocution, judgment and sentence were entered according to the jury's verdict, the sentences to run consecutively.

From the evidence presented at trial, the jury could have found beyond a reasonable doubt that shortly after midnight on August 30, 1973, the prosecutrix, a sophomore at the University of Missouri at Columbia, was seated in a car with her date, also a student, at the rock quarry just south of Columbia, Missouri, in Boone County. Prosecutrix's date was seated behind the steering wheel when a man with a flashlight approached him, identified himself as an FBI agent, and demanded to see his driver's license. Prosecutrix's date reached for his license and the man ordered him to keep his hands up high. The man ordered the prosecutrix to open the car door, and she testified that she complied because she was too afraid to refuse. When she opened the car door, she saw a man crouched down by the side of the car. The man with the flashlight ordered her out of the car and she again complied out of fear. She took one step, was grabbed from behind by a third man, and was dragged toward the bottom of a hill. She pleaded with him not to hurt her, but she was ordered to be quiet. The man tried to tie a cloth around her eyes, but because of her kicking and her attempts to get away, the cloth fell to her throat. As she held

onto the cloth so that she would not be strangled with it, the other two men approached. They forcibly led her toward a station wagon. She feigned sickness and told them that she was epileptic, but they were not discouraged. She pleaded with them not to kill her, to which one of the men replied, "Don't fight me and you will be all right." She was shoved into the back seat of the station wagon, one of the men got in beside her, and the other two men got in the front seat. The car was driven from the rock quarry and down some country roads. The man seated beside her held her so she could neither see nor move. He began kissing her, and the more she would try to push him away, the more forceful he became. In a vain attempt to avert his obvious intention to rape her, prosecutrix made up a story that she had venereal disease. Responding that it mattered not, he proceeded to disrobe prosecutrix, jerk her legs apart, and have sexual intercourse with her. After he had perpetrated the rape, the car was shortly thereafter stopped, and he pulled prosecutrix from the car. The other two men put down the back seat of the car and prosecutrix was shoved back into the car. Despite her pleadings not to do it, the other two men proceeded to have sexual intercourse with her. Each man pushed her down and became more forceful when she tried to push him away. She was then taken back to Columbia and released. She identified Gallup and Baker as two of the three men who had seized her at the rock quarry and later raped her. She had never seen either of these two men prior to the night in question. She testified that she never struck or bit any of the men, never screamed or cried for help because she was too afraid and feared that if she struck or bit any of them they would hit her back and probably kill her.

Both appellants took the witness stand and testified in their own defense. Their version of the facts was that prosecutrix had consented to sexual intercourse.

The first point on appeal complains of the giving of Instruction No. 10, and in failing to give Instruction C. Instruction No. 10 reads as follows:

"As to Count II, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about August 29, 1973, in the County of Boone, State of Missouri, that each defendant inserted his sexual organ into the sexual organ of C———— H———— [prosecutrix], and Second, that each defendant did so against her will and after they caused her to submit by threats which caused her to fear physical violence to herself,

then you will find the defendants guilty under Count II of Rape.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing you must find the defendant not guilty of that offense.

If you do find the defendants guilty under Count II of Rape, you will fix their punishment at imprisonment by the Department of Corrections for a term fixed by you, but not less then two years nor more than life imprisonment."

■ Appellants contend that there was no evidence of threats of force and violence from which the prosecutrix could have apprehended physical violence to herself and, thus, the giving of Instruction 10 was error because not supported by the evidence. As previously mentioned, there was evidence that as prosecutrix was being forcibly led toward the station wagon, she was told "don't fight me and you'll be all right." This was substantial evidence of a threat which could have caused prosecutrix to fear physical violence to herself and warranted the giving of Instruction 10. In State v. Neal, 484 S.W.2d 270 (Mo.1972), an instruction identical in all pertinent respects to Instruction 10 was upheld against the contention that it assumed facts not in

evidence. The threat in Neal consisted of appellant telling prosecutrix, "If you don't make any noise, I won't hurt you." In State v. Gray, 423 S.W.2d 776 (Mo.1968), evidence that appellant had said, "Stop fighting so hard, damn it, or I will have to hurt you", was held to be evidence of a threat of personal violence. Appellants' contention that the giving of Instruction 10 was error is without merit.

█ Appellants next contend that the jury should have been instructed on the "utmost resistance" doctrine which was set out in their proffered Instruction C. This doctrine requires the rape victim to have manifested the utmost reluctance and to have made the utmost resistance towards her attacker. The contention is answered by the fact that the "utmost resistance" doctrine is not applicable where the woman is put in fear of physical violence to herself and her will thus overcome. State v. Neal, supra; State v. Gray, supra; State v. Beck, 368 S.W.2d 490 (Mo.1963). In this case, there was substantial evidence that the prosecutrix was put in fear of physical violence and her will thus overcome.

█ By Point II, appellants contend that the state had no jurisdiction or venue to try the offense of rape because there was a failure on the part of the state to show that offense occurred in Boone County, Missouri. As noted, prosecutrix and her date were accosted at the rock quarry, which was located south of the dormitories, Schurz and Hatch Halls where they lived, across Stadium on College Avenue—on the extension of College Avenue, in Boone County Missouri, as the evidence shows. It was at that place, after prosecutrix got out of her date's car, that she was grabbed by two of the men and forcibly led to the station wagon by them, that she pleaded with them not to kill her, and one of the men replied, "Don't fight me and you will be all right." This constituted a threat of physical violence, which in turn constituted force, an element of the

offense of rape under § 559.260. See State v. Beck, supra, loc. cit. 368 S.W.2d 493[2], quoting 44 Am.Jur., Rape § 5, p. 94. The force, i.e. "threat", being the act of both appellants in concert [note the factually similar case of State v. Catron, 317 Mo. 894, 296 S.W. 141, 143 (1927), discussing force imposed by the use of threats, and an abduction of prosecutrix by defendants], is an element of the crime and definitely occurred in Boone County, Missouri, it is of no consequence that the penetrations of prosecutrix occurred at some other place, or even in some other county. The language of § 541.033 controls: "Offenses, where punished. Persons accused of committing offenses against the laws of this state, except as may be otherwise provided by law, shall be prosecuted: (1) In the county in which the offense is committed; or (2) If the offense is committed partly in one county and partly in another, or if the elements of the crime occur in more than one county, then in any of the counties where any element of the offense occurred." § 541.033 was discussed in State v. Hook, 433 S.W.2d 41, 46 (Mo.App.1968), "[W]e conclude that the words 'element of the crime' as used in Section 541.033, refer to the factors which are essential to be proved in order to support a conviction. These may be overt acts of the defendant or they may be subjective factors such as criminal intent. In either event, this section of the statute requires that one or more of them must occur in the county before prosecution can be had in that county." Certainly, one of the factors of the crime of rape, force, is essential to be proved by the state. The overt act of the appellants in threatening prosecutrix supplies that proof, and without doubt venue in Boone County, Missouri, was proved. Point II is overruled.

██ The third and final point alleges that the trial court erred in permitting misconduct of the prosecutor during direct examination of the appellant. The contention is made that during direct examination of the appellant, the prosecutor continuous-

ly laughed derisively at appellants' answers, thereby prejudicing appellants before the jury and impairing their substantive rights. This point was not presented in the motion for new trial, and hence was not preserved for review. Rule 27.20, V. A.M.R., State v. Rowden, 452 S.W.2d 210 (Mo.1970). Appellant urges this court to review the point under the plain error rule. The direct testimony of both appellants has been examined, and the transcript reveals no such incident of derisive laughter by the prosecutor. Since the claimed prejudicial conduct of the prosecutor does not appear in the transcript, it is impossible to consider the alleged error. State v. Gerberding, 272 S.W.2d 230 (Mo.1954); State v. Mayberry, 272 S.W.2d 236 (Mo.1954); and State v. Harre, 280 S.W.2d 41 (Mo. 1955).

The judgment is affirmed.

All concur.