**STATE of Missouri, Respondent,**

v.

**Thomas BURNSIDE, Appellant.**

**No. KCD 27385.**

Missouri Court of Appeals,
Kansas City District.

Aug. 4, 1975.

Motion for Rehearing and/or Transfer
Denied Sept. 2, 1975.

Gerald M. Handley, Acting Public Defender, Philip H. Schwarz, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Robert M. Sommers, Asst. Atty. Gen., Jefferson City, for respondent.

PRITCHARD, Chief Judge.

This case began upon the filing of an information in two counts with the commission of the crimes of rape and of kidnapping. On the day of trial, March 25, 1974, an amended information was filed charging two additional offenses, robbery in the first degree and assault with intent to kill with malice aforethought, and the trial proceeded, after the trial court (over appellant's objection) conducted a preliminary hearing and found probable cause on the two additional counts.

The jury found appellant's guilt on all four counts of the amended information but was unable to agree upon the punishment to be assessed upon the rape charge, Count I. Upon the other charges, the jury assessed these punishments: Count II, kidnapping, 10 years; Count III, robbery in the first degree, 10 years; and Count IV, assault with intent to kill with malice aforethought, life imprisonment. The court imposed appellant's punishment under Count I at 50 years imprisonment, and the remaining counts in accordance with the jury's verdicts, in the Department of Corrections, all the sentences to run consecutively.

■ No objection was made at any time by appellant, nor is there a point presented here concerning the amendment on the day of trial adding two offenses to the original charges. These amendments of additional and different offenses from those originally charged are impermissible under Rule 24.02, V.A.M.R., which reads: "The court may permit an information to be amended or an information to be substituted for an indictment at any time before verdict or finding *if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.*" [Italics added.] In the case of *State v. Couch*, 523 S.W.2d 612 (Mo.App., No. KCD 26,878, handed down May 5, 1975), the matter of an amendment to charge a greater and different offense (from assault with intent to rape *without malice* to assault with intent to rape *with malice*) was considered. The issue was raised by the defendant for the first time in a *pro se* brief, the amendment by the state having been made without objection and with the consent of defendant and his counsel, defendant having in writ-

ing waived a preliminary hearing on the amended information. It was held that the *pro se* point was "an attack upon the sufficiency of the information upon which the defendant was tried and convicted (and indeed, therefore, an attack upon the jurisdiction of the trial court)", and Rule 28.02 in its requirement that allegations of error respecting the sufficiency of the information, etc., shall be considered upon appeal although not raised in the trial court or preserved for review was applied. In accordance with the holding of *Couch,* supra, the additional and different charges under Counts III and IV of the amended information were likewise jurisdictional, and the verdicts and judgments rendered thereon were a nullity. Nowhere here is the matter mentioned, but since the impermissible amendments are of a jurisdictional nature, and under the Rule 24.02 could not be made, the impermissible amendment rises to the denial of appellant of due process of law under U.S.Const. Amend. V and XIV, § 1; and Mo.Const. Art. I, § 10, V.A.M.S. Thus, this court may and should not only consider the matter under Rule 28.02, but under the plain error Rule 27.20(c). What has happened to appellant is that he has been subjected to charges by improper amendments which have resulted, to his obvious prejudice, in additional sentences of 10 years plus life imprisonment, to run consecutively. The judgments of conviction under Counts III and IV of the amended information must be set aside.

This leaves for consideration the judgments of conviction under Counts I and II as contained in the original information upon which preliminary hearings were had by a magistrate. It is thus unnecessary to rule whether the trial court had jurisdiction to hold a preliminary hearing (under Rule 23.01) on the additional charges of Counts III and IV, as presented in appellant's Point I.

Appellant does not attack the sufficiency of the evidence to sustain the convictions under Counts I and II. By his Point II, appellant contends that he was deprived of "due process" by the trial court's action in permitting in-court identification which was the product of unduly suggestive pretrial police activity. With respect to the identification of appellant, the prosecutrix testified on direct examination at the trial that as she was walking on Baltimore and 36th Street, she was grabbed from behind. The man pointed a gun at her head and told her not to scream, then they crossed a hedge and fence, through a lot where they got in a car. It was a couple of minutes after 11:00 p. m., and prosecutrix was with the man thereafter until about 11:45. She got a good look at the man in the car: "He was real close to me and shone a flashlight on his face to make sure I seen his face." She saw him again for about 10 minutes when the two of them went into a store. On these bases, prosecutrix pointed out appellant in court as the man who abducted and raped her. Appellant's claim of improper police activity arises by reason of prosecutrix's testimony on cross-examination: She was not able to give a description of the man who accosted her when she talked to the police on the day of the occurrence. She was first able to give a description of the man to the police until some 8 or 10 days went by [she was hospitalized during that time], at which time she told them the man was a Negro with a gun, and drove a light colored or white car. She never attended a lineup to pick anyone out. The police told her that a man had been arrested who was a suspect, and prosecutrix was shown a single picture (of appellant) and she told the police that he looked like the man who accosted her, but she did not tell them he was positively the man. Appellant's motion made at the beginning of the trial, and based upon pre-trial testimony, to suppress prosecutrix's in-court identification on the ground that it was "so tainted by the suggestions offered to her by police authorities as to leave it with no probative value." The motion to suppress was overruled.

 As noted, the police merely told prosecutrix that a suspect had been arrest-

ed. She was then shown a photograph which she said looked like the man, but she did not positively say that he was the man. No other suggestion appears, as would for instance implant in prosecutrix' mind that the single photograph shown to her was the man who kidnapped and raped her. Although a caveat was expressed in *Simmons v. United States,* 390 U.S. 377, 383, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), as to the danger of the use of a single photograph display to a witness, the court said the claim of tainted identification procedure must be evaluated in the light of the totality of the circumstances, citing *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). Here the evidence is that prosecutrix saw appellant's face at the time of abduction when he shined a flashlight upon it, and again for ten minutes with him in a store. These facts show that prosecutrix's in-court identification had a source independent of the showing to her of a single photograph. Point II is overruled. *State v. Parker,* 458 S.W.2d 241, 243[1, 2], 244[3, 4] (Mo.1970); *State v. Donnell,* 430 S.W.2d 297, 305[17] (Mo.1968); and *State v. Garrett,* 518 S.W.2d 97 (Mo.App.1974).

■ By Point III, appellant claims that there was no substantial evidence to support a finding by the jury that the rape occurred in Jackson County, Missouri, or in Missouri. Prosecutrix testified that she was abducted at gun point by appellant at 36th and Baltimore (in Kansas City, Missouri); and that after appellant forced her into the car, they drove in an easterly direction. The force, as an element of the crime of rape, clearly was applied to prosecutrix in her initial abduction in Jackson County. *State v. Gallup and Baker,* 520 S.W.2d 619, 622[3] (Mo.App.1975), controls, and Point III is overruled.

■ Witness Fiermon Prymus testified for the state that when appellant was at his store on the night in question, appellant told him that he had a prostitute out there "and wanted to know if I wanted to buy some." Appellant objected to the testimo-ny after the testimony was given "as being evidence of a crime that is not before the Court. He is not charged with sale of prostitution." The court overruled the objection and there was no further relief requested by appellant. Standing alone, the testimony as to "sale of prostitution" would have been an improper reference to other crimes. *State v. Mitchell,* 491 S.W.2d 292 (Mo. banc 1973). However, prosecutrix herself had testified to the same fact: "Q Was there any other additional conversation? A Yes. He asked the store owner if he wanted to buy me", to which testimony there was no objection. In this situation, the testimony of Prymus was cumulative to other evidence which came in without objection and was therefore harmless. *State v. Jackson,* 253 S.W. 734, 735 (Mo.1923); *State v. Menard,* 331 S.W.2d 521 (Mo.1960). Point IV, raising this issue, is overruled.

■ By Point V, appellant relied on Rule 24.04 because the multiple count information arbitrarily forced his sentences to run consecutively, and that he was deprived of equal protection of the laws because other persons might be charged separately in four cases and have their sentences run concurrently. In argument, appellant mentions § 546.480, RSMo 1969, but does not attack it. In *State v. Baker,* 524 S.W.2d 122 (Mo. banc 1975), § 546.480 was struck down as being an unconstitutional denial of equal protection of the laws because of its mandatory requirement of consecutive sentences upon its facts. Rule 24.04 was declared to be not unconstitutional. Baker was "reversed and the case is remanded for resentencing wherein the trial judge shall exercise his judicial discretion with reference to whether sentences imposed on the various counts are to be concurrent or consecutive." Baker must apply to Counts I and II here.

The judgments of conviction on Counts III and IV are reversed outright. The judgments of conviction on Counts I and II are reversed and the case is remanded for resentencing in the light of *State v. Baker,*

supra, and the "word of caution" of the concurring opinion of Henley, J., therein.

All concur.