Billy W. GRISSO, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 9795.

Missouri Court of Appeals,
Springfield District.

Sept. 23, 1975.

George W. Gilmore, Jr., Sikeston, for movant-appellant.

John C. Danforth, Atty. Gen., Robert H. House, Asst. Atty. Gen., Jefferson City, for respondent.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

BILLINGS, Chief Judge.

Billy W. Grisso has appealed from order of the Circuit Court of Mississippi County dismissing, without an evidentiary hearing, his Rule 27.26 motion to vacate sentences and judgments. We affirm.

On the same date in 1973 the appellant, represented by an attorney, entered pleas of guilty to burglary and stealing in one case and burglary and assault in another case. Concurrent sentences were imposed in each of the cases with the further order that the sentences in both cases be served concurrently.

Appellant's post-conviction motion stated four alleged grounds for relief: (1) the sentencing judge took into consideration a prior unconstitutional conviction in imposing the sentences attacked; (2) his pleas were involuntary because induced by fear, coercion and duress; (3) he was denied effective assistance of counsel because his attorney permitted the court to consider the unconstitutional conviction and failed to disqualify the prosecuting attorney who was coercing appellant into pleading guilty; (4) he was unaware the state would have to prove him guilty and that he had a right to cross-examine witnesses.

Following the filing of appellant's motion the state filed a motion to dismiss the motion to vacate contending appellant's Rule 27.26 motion failed to allege facts upon which relief could be granted and, further, the court records affirmatively showed appellant was not prosecuted under the Second Offender Act and consequently any prior conviction did not affect the punishment meted out by the sentencing judge.

The court appointed counsel to represent the appellant, and a hearing was held on the state's motion to dismiss the proceedings. The court files and transcripts of the guilty plea proceedings in both the burglary and stealing case and the burglary and assault case were offered in evidence by the state in support of its motion.

The trial court prepared and filed written findings of fact and conclusions of law, sustained the state's motion and ordered appellant's post-conviction motion dismissed.

The separate transcripts of appellant's guilty pleas in the two cases squarely refute the appellant's "grounds" and demonstrate he is not entitled to relief under Rule 27.26. The appellant was not charged as a habitual criminal under the Second Offender Act, and no mention of his 1963 conviction in New Madrid County was made. No facts were alleged to support the conclusionary allegation that this conviction was considered by the sentencing court, and the lower court specifically found from the guilty plea transcripts the conviction was not taken into account in arriving at appellant's sentences. This determination is not clearly erroneous. Rule 27.26(j).

Before accepting appellant's pleas the sentencing judge made specific and detailed inquiry of the appellant, and the transcripts clearly negate "grounds" (2), (3) and (4), supra.

"A 27.26 movant, in order to be entitled to an evidentiary hearing, must plead *facts*, not conclusions, which if true, would entitled him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing." *Smith v. State*, 513 S.W.2d 407, 411 (Mo. banc 1974), *cert. denied*, 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975); *Hogshooter v. State*, 514 S.W.2d 109 (Mo.App.1974).

Here, the appellant did not allege *facts* which, if true, would entitle him to relief, and his allegations are refuted by facts elicited at the time he entered his multiple guilty pleas. An evidentiary hearing was not called for, and the trial court properly sustained the state's motion to dismiss the proceedings.

The judgment is affirmed.