STATE of Missouri, Respondent,

v.

Denorvel M. BLAINE, Appellant.

No. KCD 27697.

Missouri Court of Appeals, Kansas City District.

Oct. 6, 1975.

Thomas M. Larson, Public Defender, Robert A. Simons, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., PRITCHARD, C. J. and TURNAGE, J.

TURNAGE, Judge.

Defendant appeals his conviction on both counts of a two-count information. Defendant was charged in each count with robbery in the first degree by means of a deadly and dangerous weapon.

The jury was unable to agree on the punishment and the court assessed a sentence of twenty-five years confinement on each count with the sentences to run consecutively.

On appeal defendant raises only a claim of unconstitutionality as to both Rule 24.04 and Section 546.480, RSMo 1969. He raises no question as to the sufficiency of the evidence, so a recital of the evidence presented is not necessary.

▮ Defendant filed his brief prior to the decision of the Supreme Court in *State v. Baker*, 524 S.W.2d 122 (Mo. banc 1975). Almost identical challenges were made to both Rule 24.04 and § 546.480 in *Baker* as are made in this case. Those contentions were fully answered in *Baker* when the court held Rule 24.04 to be valid but held § 546.480 to be unconstitutional. The court in *Baker* noted, however, that holding § 546.480 to be unconstitutional did not entitle the defendant to a new trial but only to have sentence reimposed with the judge free to exercise his discretion as to whether or not the sentences would be consecutive or concurrent.

Under the holding in *Baker*, the judgment of conviction in this case is affirmed but the sentences imposed upon the defendant are set aside. This cause is remanded for re-sentencing of the defendant with the trial court directed to exercise its discretion as to whether the sentences to be imposed

on the two counts are to run consecutively or concurrently.

All concur.