STATE of Missouri, Plaintiff-Respondent,

v.

William ELDRIDGE,
Defendant-Appellant.

No. 36951.

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 24, 1976.

Motion for Rehearing and for Transfer to
Supreme Court Denied Nov. 12, 1976.

Robert C. Babione, Public Defender, Joseph W. Warzycki, James C. Jones, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Nanette K. Laughrey, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Presiding Judge.

Defendant was convicted of three counts of robbery first degree and sentenced on March 7, 1975 to five years imprisonment on each count. The sentences were ordered to run consecutively in the formal judgment entered. No mention of whether they would run consecutively or concurrently was made in the oral sentencing by the court.

First, defendant contends that a mistrial should have been granted due to the extremely prejudicial effect of a witness' volunteered testimony that two of her companions, who did not testify at the trial, had positively identified defendant as one of the robbers. The testimony of this extrajudicial identification, however, was properly stricken and the jury was instructed to disregard it. The trial court's action was a proper exercise of its discretion. *State v. Hoyel,* 534 S.W.2d 266, 270[7], [8–

11] (Mo.App.1975); *State v. Brown,* 528 S.W.2d 503, 506[7] (Mo.App.1975).

■ Defendant's second contention is that a pistol clip and shells found in his pocket were irrelevant and prejudicial and therefore should not have been admitted into evidence. This evidence was found in defendant's pocket about one-half hour after the robbery. Two pistols were used in the robbery, one by the defendant. Evidence that defendant owned or had access to these articles shortly after the crime was relevant and therefore admissible. *State v. Martin,* 491 S.W.2d 299, 300[2] (Mo.1973); *State v. Stancliff,* 467 S.W.2d 26, 30[1] (Mo. 1971).

■ Defendant's third contention is that his right to a fair trial was prejudiced by improper cross-examination on matters which were beyond the scope of his direct examination. The allegedly improper questions elicited information concerning his whereabouts on the morning of the crime. Because defendant fails to demonstrate in what way, if any, he was prejudiced, this issue is not preserved for review. Rule 84.04(d); *State v. Booth,* 515 S.W.2d 586, 589[9] (Mo.App.1974).

■ Defendant also asserts that the trial court's automatic imposition of consecutive sentences was improper under *State v. Baker,* 524 S.W.2d 122 (Mo. banc 1975). We cannot determine from the record if the consecutive sentences were imposed in the exercise of the court's discretion or under the compulsion of § 546.480, RSMo.1969, declared unconstitutional in *Baker.* Re-sentencing, therefore, is in order. *State v. Mullen,* 532 S.W.2d 794, 800[11] (Mo.App. 1975).

Judgment of conviction is affirmed but the sentencing is set aside and the case is remanded for the limited purpose of re-sentencing by the court, in the exercise of its discretion as to whether to impose the sentences consecutively or concurrently.

DOWD and CLEMENS, JJ., concur.