Thomas E. BURNSIDE, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 28449.

Missouri Court of Appeals, Kansas City District.

May 31, 1977.

Clifford A. Cohen, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, P. J., and WASSER-STROM and TURNAGE, JJ.

WASSERSTROM, Judge.

Defendant was originally charged by a two-count information with (I) rape and (II) kidnapping. On the day of trial, the trial court permitted an amended information to be filed which charged two additional counts, (III) robbery in the first degree and (IV) assault with intent to kill with malice

aforethought. On a jury verdict finding defendant guilty on all four counts, he was sentenced to fifty years imprisonment on the rape charge, ten years on the kidnapping charge, ten years on the robbery charge, and life imprisonment on the assault charge, the sentences to run consecutively. He appealed to this court which set aside the convictions under Counts III and IV on the ground that the filing of an amended information on the day of trial, adding two different offenses to the original charges, was impermissible and constituted plain error. This court upheld the convictions under Counts I and II but remanded the case for resentencing in light of the then recent case of *State v. Baker*, 524 S.W.2d 122 (Mo. banc 1975) which had ruled that § 546.480 RSMo 1969, mandating consecutive sentences for defendants convicted under multiple count informations or indictments, permitted by Rule 24.04, unconstitutional. *State v. Burnside*, 527 S.W.2d 22 (Mo.App.1975).

Pursuant to the mandate of this court, the trial court resentenced defendant to fifty years for rape and ten years for kidnapping, said sentences to run consecutively. Thereafter, defendant filed a 27.26 motion seeking relief on the following grounds:

"(a) Denial of due process by trying movant when circuit court had no jurisdiction.

(b) Denial of equal protection by trying movant when circuit court had no jurisdiction.

(c) Denial of due process by joinder of counts over which circuit court had no jurisdiction, thus making trial unduly oppressive."

The facts alleged in support of these grounds were that defendant was:

"[t]ried on amended information filed with the trial court before preliminary exam, and which varied from original information substantially, charging two new offenses. Mo. Statutes provide no jurisdiction over case in circuit court until probable cause found by Magistrate witnesses."

The trial court overruled the appellant's motion without a hearing, and this appeal followed.

One point of error is urged on this appeal:

"The trial court erred in joining trial of Counts I with II of the amended information and Counts I and II with Counts III and IV of the amended information insofar as: (A) The rule allowing joinder—Rule 24.04 is an unconstitutional enactment (B) Joining trial of Counts III and IV—counts on which the trial court had no jurisdiction—with Counts I and II was unduly burdensome and oppressive in violation of appellant's rights to due process of law; and (C) Joinder of Counts III and IV forced appellant to trial upon crimes which would be improperly considered by the jury."

■ Although only one point is set forth in the Points and Authorities section of the brief and that is subdivided into three subpoints, defendant's contentions really resolve into two distinct questions: (A) as to the constitutionality of Rule 24.04; and (B) whether the trial on the four counts was so oppressive as to deny due process. The first of those two points avails defendant nothing. It is an argument that Rule 24.04, allowing different crimes to be charged in different counts of a single information or indictment, is unconstitutional. Rule 24.04 is a procedural rule [*State v. Baker, supra*] and is not unconstitutional. *State v. Blaine*, 528 S.W.2d 801 (Mo.App.1975); *State v. McCollum*, 527 S.W.2d 710 (Mo. App.1975); *State v. Toney*, 537 S.W.2d 586, 596 (Mo.App.1976).

■ The second proposition similarly avails defendant nothing for two reasons. First off, the mere claim in the 27.26 motion and on appeal that the joinder of Counts I and II with Counts III and IV was unduly burdensome and oppressive and violated defendant's due process rights is a mere conclusionary statement. There are no facts alleged in the 27.26 motion (or in defendant's brief) showing how such joinder was unduly burdensome or oppressive. A 27.26 movant must plead facts, which if

true, would entitle him to relief before he is entitled to an evidentiary hearing. *Smith v. State*, 513 S.W.2d 407 (Mo. banc 1974); *Hogshooter v. State*, 514 S.W.2d 109 (Mo.App.1974); *Cruz v. State*, 515 S.W.2d 610 (Mo.App.1974); *Rowden v. State*, 523 S.W.2d 102 (Mo.App.1975); *Grisso v. State*, 528 S.W.2d 158 (Mo.App.1975); *Winston v. State*, 533 S.W.2d 709 (Mo.App.1976). In light of his failure to plead such facts, the trial court was correct in denying defendant an evidentiary hearing.

The facts which defendant did set forth in support of his grounds for relief do not allege facts which show that the trial was unduly burdensome and oppressive. The facts alleged are in substance a regurgitation of the merit of his direct appeal. In that appeal the convictions under Counts III and IV, for which he had had no preliminary hearing before a magistrate, were overturned because they charged two new offenses and were included in an amended information filed for the first time on the day of trial, to the prejudice of appellant. Thus, any claim of constitutional error as respects those counts is moot. As to Counts I and II for which he was convicted, the defendant did receive a preliminary hearing before a magistrate. *State v. Burnside, supra.*

Secondly, it cannot be concluded as a matter of law that being tried on a multiple count information, some of which counts are subsequently held to be invalid, makes the trial unduly burdensome or oppressive because it places evidence of other crimes before the jury. This is for the simple reason that evidence of other crimes is not absolutely precluded from being introduced into evidence during criminal prosecutions. Such evidence is admissible whenever it is so linked in time or circumstance to the crime for which defendant is being tried that one cannot be fully shown without proving the other. *State v. Cox*, 508 S.W.2d 716, 723 (Mo.App.1974); *State v. Sinovich*, 329 Mo. 909, 46 S.W.2d 877 (1931); *State v. Shumate*, 478 S.W.2d 328 (Mo. 1972); *State v. Larkins*, 518 S.W.2d 131 (Mo.App.1974); *State v. Torrence*, 519 S.W.2d 360 (Mo.App.1975). Additionally, evidence of other separate and distinct crimes are admissible when it tends to establish motive, or intent, or absence of mistake or accident, or a common scheme or plan embracing the commission of two or more crimes so related that proof of one tends to establish the other or the identity of the person charged. *State v. Reese*, 364 Mo. 1221, 274 S.W.2d 304 (banc 1954); *State v. Wing*, 455 S.W.2d 457 (Mo.1970). Consequently, absent an allegation supported by facts, that evidence tending to show the crimes charged by the defective counts could not have been introduced on any of the aforementioned grounds, the mere statement that the joinder of valid and invalid counts proved burdensome and oppressive was not a ground for relief.

Affirmed.

All concur.