**STATE of Missouri, Respondent,**

v.

**Johnny WILLIAMS, Appellant.**

**No. 41095.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 4, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 18, 1980.

---

Leonard W. Buckley, Jr., St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Richard G. Callahan, St. Louis, for respondent.

CRIST, Judge.

Double jeopardy case.

On October 18, 1978, defendant was convicted by a jury of the following: (1) assault with intent to rape with malice aforethought under § 559.180, RSMo 1969 (Count I); (2) armed criminal action under § 559.-225, RSMo Supp.1976 (Count II); and (3) carrying a concealed weapon under § 564.-610, RSMo 1969 (Count III). He was sentenced to 20 years on Count I, 3 years on Count II, and 5 years on Count III. The sentences are to run concurrently. We reverse his conviction and sentence under Count II by reason of double jeopardy. We affirm his convictions and sentences under Counts I and III.

The victim, age 15 at the time of the occurrence, January 31, 1978, had to walk 3 or 4 blocks from her bus stop to her home. While en route, defendant grabbed her and pulled her into an alley. Screaming and struggling, she was told by defendant he would kill her if she did not stop. Defendant put a gun to her head and "clicked" it twice. The victim continued to scream and struggle. Defendant put the gun away and hit her in the jaw. Defendant tried to open her coat. He held her on the ground and asked her if she was going to have sex with him.

When Officers Morris and Hampton arrived on the scene, defendant had his arm around the victim and had her up against a wall. She broke away from defendant and ran to Officer Morris. She was hysterical and seemed to be in pain. She could not talk to him because her jaw was locked. She had scratches on her neck. When other police officers arrived, she was able to tell them defendant struck her, tried to rape her, and had a gun. She was taken to city hospital for treatment of her jaw and the scratches on her neck.

Defendant correctly argues that he has been put in double jeopardy. Although the sentences are to run concurrently, the conviction and sentence under the armed criminal action charge causes defendant to be ineligible for parole, probation, or conditional release for three years.

Section 559.180, RSMo 1969, provides in pertinent part:

Every person who shall, on purpose and of malice aforethought, shoot at or stab another, or assault or beat another with a deadly weapon, or by any other means or force likely to produce death or great bodily harm, with intent to . . . ravish . . . such person . . . , shall be punished by imprisonment in the penitentiary not less than two years.

Section 559.225(1) RSMo Supp.1976, provides in pertinent part:

> [A]ny person who commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous or deadly weapon is also guilty of the crime of armed criminal action and, upon conviction, shall be punished by imprisonment by the division of corrections for a term of not less than three years.

The armed criminal action and the underlying felony of assault with intent to rape with malice aforethought are the same offense for double jeopardy purposes. Convictions and sentences for both constitutes prohibited multiple punishments. There was in law and fact only one crime. The elements of armed criminal action include all of the elements of assault with intent to rape. *Sours v. State*, 593 S.W.2d 208 (Mo. banc 1980). The conviction and sentence for the armed criminal action, therefore, must be reversed.

Defendant questions whether the evidence was sufficient to support the conviction of assault with intent to rape. He predicates this argument on the proposition that there was such a conflict in testimony that corroborating evidence of the crime was necessary. He relies on *State v. Platt*, 496 S.W.2d 878 (Mo.App.1973). We disagree. While there were some conflicts in the testimony, the victim told a positive and unshaken story of sexual outrage. Her story was entirely possible and not contrary to human experience. Accordingly, the truth of her story was for the jury to decide. *State v. Neal*, 484 S.W.2d 270, 272 (Mo. 1972).

We reverse defendant's conviction and sentence for armed criminal action. We affirm his convictions and sentences for assault with intent to rape with malice aforethought and for carrying a concealed weapon.

DOWD, P. J., and REINHARD, J., concur.