**Willie J. SMITH, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 48066.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 30, 1984.

Dorothy Mae Hirzy, Public Defender, St. Louis, for movant.

John Munson Morris, Atty. Gen., Hillsboro, for respondent.

REINHARD, Chief Judge.

Movant appeals the dismissal of his Rule 27.26 motion, a decision the trial court reached without an evidentiary hearing. We affirm.

Movant was convicted on February 4, 1971 of murder in the first degree. He was sentenced to life imprisonment. On December 27, 1971, movant was convicted of another murder in the first degree. He was sentenced to a second term of life imprisonment. He was tried before two different trial judges, and the second judge, who imposed the second life sentence, ordered that the sentences run consecutively. Movant was indicted separately for each of the two murders. The charges arose from the same incident.

Movant filed this Rule 27.26 motion alleging that the case must be remanded for resentencing. Movant points out that after he was sentenced, the Missouri Supreme Court held that § 546.480, RSMo. 1969 (repealed 1977) [1], which mandated consecutive sentences in certain situations, was unconstitutional under the Federal Equal Protection Clause. *State v. Baker,* 524 S.W.2d 122 (Mo. banc 1975). Movant alleges that he should be resentenced under the retroactive holding of that case.

■ On appeal, our review is limited to determining whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). The trial court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the court with a definite and firm impression that a mistake has been made. *Gentile v. State,* 637 S.W.2d 30, 32 (Mo.App.1982).

■ Movant first contends that the consecutive life sentences he received were mandated by § 546.480, which required:

When any person shall be convicted of two or more offenses, before sentence shall have been pronounced upon him for either offense, the imprisonment to which he shall be sentenced upon the second or subsequent conviction shall commence at the termination of the term of the imprisonment to which he shall be adjudged upon prior conviction.

After this statute was invalidated in *State v. Baker,* 524 S.W.2d 122 (Mo. banc 1975), subsequent cases applied *Baker* retroactively and required that all defendants sentenced under its guidelines must be resentenced. *See, e.g. State v. Brown,* 554 S.W.2d 574 (Mo.App.1977). Movant contends that *Baker* applies here and dismisses the factual distinctions between *Baker* and this case. Movant claims that since his two convictions arose from the same set of facts, technically this is the same as if he were tried for both murders before one judge. Movant claims that the state merely used its discretion in separating the

charges and trying them before two different judges. Therefore, movant claims, § 546.480 still applied to his second sentencing, despite the state's decision to try him separately.

Movant's claims are not supported by either the statutory language of § 546.480, by the facts and language of *State v. Baker,* or by any of the subsequent cases.

The language of the statute clearly stated that the statute only applied to the situation where the defendant had been convicted of two or more offenses before being sentenced for either offense. Only in this situation was the judge required to order that consecutive sentences be served. The statutory language did not concern the origin of the charges, but rather the number of charges and their status before sentencing. Section 546.480 could not have governed in movant's case, for the movant was convicted and sentenced on one count of murder in February, 1971, and convicted and sentenced on a second count in December, 1971. When movant was convicted in December, 1971, he had already been sentenced once by a different judge. This fact alone placed movant's case beyond the authority of § 546.480. It is immaterial that the charges arose from the same set of facts.

Neither the language nor the facts of *State v. Baker* support movant's contention. The *Baker* court noted that the statute did not apply to all multiple offenders: *"It applies if, but only if, a defendant is convicted of at least two offenses before he is sentenced for either offense." State v. Baker,* 524 S.W.2d 122, 127 (Mo. banc 1975) (emphasis original). This language is clearly irreconcilable with the facts of movant's case. In *Baker,* the defendant was tried and convicted of two counts of murder and one count of robbery. One judge heard the case, the defendant was convicted of the three charges simultaneously, and the same judge handed down the consecutive sentences. Clearly, the *Baker* facts fit the statutory language of § 546.480 and set

---

**1.** Hereinafter cited as § 546.480.

the pattern necessary to obtain review in subsequent cases. It is just as clear that movant's factual situation does not fit the pattern. Movant was tried, convicted and sentenced in one court before he was tried in the second court. On the facts alone, movant is not eligible for resentencing under *Baker.*

The cases that have come down since *Baker* all share a similar fact pattern. Each defendant was charged with multiple crimes, and each defendant was convicted and sentenced before a single judge. We have been unable to locate any decisions in which consecutive sentences imposed sequentially after two or more separate trials were overturned because they were imposed under § 546.480. The courts have only reviewed those cases that contain factual situations which would have invoked the statute, based on a literal reading of the statutory language. In *State v. Brown,* 554 S.W.2d 574 (Mo.App.1977), defendant was convicted simultaneously in one court of both manslaughter and carrying a concealed weapon. The reviewing court found, after examining the record, that but for § 546.480, the trial court would not have imposed consecutive sentences. The same result was reached in *State v. Jones,* 545 S.W.2d 659 (Mo.App. 1976), *State v. Eldridge,* 543 S.W.2d 500 (Mo.App.1976), *State v. Jordan,* 532 S.W.2d 776 (Mo.App.1975), *State v. McCollum,* 527 S.W.2d 710 (Mo.App.1975) and *State v. Blaine,* 528 S.W.2d 801 (Mo.App.1975). Each of these cases exhibits the *Baker* pattern of facts, and each can be clearly distinguished from movant's. Since *Baker* and § 546.480 do not apply here, we need not reach movant's contention that the judge is presumed to have followed the statute unless the record indicates otherwise. The decision denying movant a rehearing on the consecutive life sentences is affirmed. Movant is not entitled to relief under Supreme Court Rule 27.26.

CRANDALL and KAROHL, JJ., concur.