**Edward PAYNE–BEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 52583.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 11, 1987.

Motion for Rehearing and/or Transfer Denied Oct. 6, 1987.

Application to Transfer Denied Nov. 17, 1987.

William J. Shaw, Public Defender, Maria Perron, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Movant appeals following the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was found guilty by a jury of stealing property valued over $150.00, § 570.030, RSMo 1978, and was sentenced as a persistent offender to 10 years imprisonment. Movant's conviction was affirmed on direct appeal. *State v. Payne,* 660 S.W.2d 24 (Mo.App.1983).

A brief recitation of the facts as related in the above mentioned appeal are as follows. A family moving across country reported the theft of their suitcases containing personal items, including credit cards, which were stolen from their automobile parked outside their motel.

That afternoon, police received a call from a previously reliable informant who stated that he was approached by men who tried to sell him credit cards. Informant told police the direction the men were traveling along with the make, model, and license plate number of the car.

The police spotted and stopped the vehicle occupied by movant and another man. After discovering improper vehicle registration, the police searched the car. The victims' credit cards were found in a container under the seat. Movant was arrested immediately.

Informant again contacted police and informed the police where he believed the rest of the stolen property was located. The address given by the informant matched the address movant gave the police as his place of residence.

The police then obtained a search warrant and proceeded to the house. The woman who admitted the officers identified herself as movant's mother, Peaches Payne. The officers found the rest of the stolen goods in a room that also contained mail addressed to movant.

Our review is limited to determining whether the findings and conclusions of the motion court are clearly erroneous. Rule 27.26(j). In order for the appellate court to find the motion court's findings and conclusions to be clearly erroneous, the appellate court must be left with a definite and firm impression that a mistake has been made after reviewing the entire record. *Smith v. State,* 680 S.W.2d 412, 413 (Mo.App. 1984). In a Rule 27.26 motion, the movant has the burden of proof by a preponderance of the evidence. Rule 27.26(f).

In his sole point on appeal, movant contends that the trial court erred by denying his Rule 27.26 motion without an evidentiary hearing. A movant will be entitled to an evidentiary hearing on a Rule 27.26 motion only if the movant alleges facts, not conclusions, which, if true would

warrant relief, and those facts must not be refuted by the record. *Chapman v. State,* 720 S.W.2d 17, 18 (Mo.App.1986). In addition to alleging such facts, the matters complained of must have resulted in prejudice to the movant. *Id.*

█ In the case at bar, movant bases his ineffective assistance of counsel claim upon trial counsel's alleged refusal to call Peaches Payne, movant's mother, as a witness. Movant asserts that this witness would have exonerated him and/or impeached the unnamed informant by testifying to the fact that the informant brought victims' suitcases into her home. Movant argues his mother's testimony would also exonerate him by incriminating the informant or, at the very least, by casting doubt on the informant's reliability.

Even if movant's mother would have provided such testimony, that evidence would not vitiate the fact that victims' credit cards were found in the vehicle occupied by movant. Therefore, since the jury verdict can be supported by other substantial evidence, movant failed to offer additional evidence that, had it been admitted, would affect the result of the trial.

The facts before us do not convince this court that movant has met his burden to sustain ineffective assistance of counsel. As noted above, other substantial evidence was admitted at trial that incriminates movant. Therefore, the decision of the trial court was not clearly erroneous. Point denied.

Judgment affirmed.

SMITH, P.J., and REINHARD, J., concur.